ZWEIFEL, APPELLANT, *v.*
PRICE, APPELLEE.

(Nos. 83AP-1079 and -1080—Decided
May 14, 1985.)

*Richard F. Swope,* for appellant.
*Thomas M. Tyack,* for appellee.

STRAUSBAUGH, J. Plaintiff, Patricia Zweifel, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling her motion for contempt and to reduce arrearages to judgment.

The facts, as revealed in the record and agreed upon by the parties, provide that: Patricia Zweifel was the natural mother of both Selena Marie Price and Cassandra Zweifel born on May 31, 1964 and April 4, 1966, respectively; that in 1966 plaintiff filed a paternity suit against defendant, Ronald Price, in case No. 77253 on behalf of Selena and in case No. 77254 on behalf of Cassandra; that defendant pled guilty in both cases and on June 1, 1966 the court entered an order of support for both children, effective May 19, 1966, pursuant to former R.C. 3111.17; that plaintiff and defendant are not married to each other and have never been married to each other; that, on September 8, 1966, defendant filed an application to legitimate the children in the Franklin County Probate Court and, on September 22, 1966, the court legitimated the children pursuant to R.C. 2105.18; that, on August 26, 1981, plaintiff filed a motion to increase child support from $17.50 to $40 per week per child; that the motion was submitted to a referee who recommended that the support be increased to $25, effective September 18, 1981; that plaintiff filed objections to the referee's report and recommendation, but, on March 31, 1982, the trial court overruled the objections and approved the report and recommendation of the referee commanding defendant to pay $25 in support per week per child; that Selena Marie Price reached the age of eighteen on May 31, 1982, but continued to attend high school for another year; that Selena had lived with plaintiff since April 1982 and was expected to graduate from high school in June 1983; that following Selena's eighteenth birthday defendant discontinued her support payments; that plaintiff then brought a motion for contempt and to reduce arrearages to judgment; that on May 10, 1983, the referee recommended that plaintiff's motion be overruled for reasons that the original support order was issued pursuant to former R.C. 3111.17 and that defendant's obligation of support extended only until the child had reached the age of eighteen; and that plaintiff filed objections to the report and on August 19, 1983 the trial court issued its decision overruling the objections and denying plaintiff's motion. The trial court ruled that under the circumstances former R.C. 3111.17 was controlling and that defendant's obligation to pay child sup-

port terminated upon his daughter's eighteenth birthday. Therefore, as evidenced by the record no arrearage existed.

In support of her appeal, plaintiff raises the following two assignments of error:

"1. The trial court erred in overruling the motion for an order finding the defendant-appellee guilty of contempt.

"2. The trial court erred in refusing to consider and determine the accrued arrearage and refusing to enter judgment in favor of the plaintiff-appellant for arrearage."

Plaintiff argued in her motion for contempt that defendant was required to pay for Selena's support until she reached the age of twenty-one or at least until she graduated from high school. It was plaintiff's contention that pursuant to R.C. 2105.18 Selena was legitimated; and, thus, defendant was obligated to support her as her natural father under R.C. 3103.03. Defendant, on the other hand, argues that since the original order of support was issued pursuant to former R.C. 3111.17 his duty of support was determined therein and that by paying support for Selena up to her eighteenth birthday he had complied with the court's order.[1]

Former R.C. 3111.17 (effective Oct. 2, 1953; see 125 Ohio Laws 185) provided:

"If the accused in a proceeding under sections 3111.01 to 3111.24, inclusive, of the Revised Code, confesses in court, in person or by counsel, that the accusation is true or if the jury finds him guilty, he shall be adjudged the reputed father of the illegitimate child. If the child is alive, the court shall adjudge that he pay to the complainant such sum as the court finds necessary for her support and maintenance, and the necessary expenses caused by pregnancy and childbirth, together with costs of prosecution, and that a reasonable weekly sum be paid complainant for support and maintenance of the child until he becomes eighteen years of age. * * *"

Once adjudged to be the reputed father of the illegitimate child the accused was obligated under former R.C. 3111.17 to pay support and maintenance until the child reached the age of eighteen years. This duty of support varied from the requirement imposed upon a natural father when the child was born in wedlock. Former R.C. 3103.03 (effective Oct. 1, 1953; see 124 Ohio Laws 178, 183 [G.C. 8002-3]) provided:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. * * *"

At that time, under R.C. 3109.01 (see 124 Ohio Laws 178, 194 [G.C. 8005-1]) the age of majority was twenty-one years. Therefore, under former R.C. 3103.03 the duty of support extended to the child's twenty-first birthday. The dispute at hand centers around the subsequent legitimation of Selena by defendant and its effects upon his duty of support. Former R.C. 2105.18 (see 125 Ohio Laws 347) specifically provided:

"The natural father of a child by a woman unmarried at the time of the birth of such child, may file an application in the probate court of the county wherein he resides or in the county in which such child resides, acknowledging that such child is his, and upon consent of the mother, or if she be deceased or incompetent, or has surrendered custody, upon the consent of the person or agency having custody of such child, or of a court having jurisdiction over the custody thereof, the probate court, if

---

[1] R.C. 3111.17 was repealed and replaced on June 29, 1982. (See 139 Ohio Laws, Part I, 2170.) A support order issued in a paternity suit is no longer restricted in duration to the child's eighteenth birthday. See R.C. 3111.13.

satisfied that the applicant is the natural father and that establishment of such relationship is for the best interest of such child, shall enter the finding of such fact upon its journal and thereafter such child shall be the child of the applicant as though born to him in lawful wedlock."

At common law a child born out of wedlock was deemed to be the son of no father and no duty of support was imposed upon the natural father of an illegitimate child except that which was specifically provided for by statute. 46 Ohio Jurisprudence 3d (1983) 191, Family Law, Section 249. R.C. 3111.17 provided a remedy for the mother and relief from the hardships inflicted by the common-law rule. The primary objective of the paternity proceedings was to fix a sum of money to be paid by the reputed father to the mother for her support, maintenance and necessary expenses resulting from the pregnancy and childbirth, and to provide for the support of the child.

R.C. 2105.18 gives the natural father the opportunity to remove the stamp of illegitimacy from the child by acknowledging that he is, in fact, the natural father and, thereafter, such child is the child of the applicant as though born to him in lawful wedlock. Inherent in the statutory scheme of R.C. 2105.18 is the recognition under the common law of the distinction between the rights of legitimate and illegitimate children. R.C. 2105.18 allowed for a change in the legal status of the child to provide for the recognition of the greater rights of a child born in lawful wedlock, including the right to descent and distribution. It contemplated a change from illegitimacy to legitimacy by two methods: through a subsequent marriage of the two natural parents or acknowledgment by the natural father.

With acknowledgment that he is, in fact, the natural father came recognition not only of the rights of the child as though born to him in lawful wedlock,

but the duties imposed upon the father of such a child as well. The legal obligation for the father's support of his minor children is expressly provided for by R.C. 3103.03. This parental duty attaches to children adopted under R.C. Chapter 3107 and to illegitimate children acknowledged by their father pursuant to R.C. 2105.18. See *Creisar* v. *State* (1917), 97 Ohio St. 16, 21.

Upon reviewing the facts in the instant case, the parental duty of support set forth in R.C. 3103.03 attached to Selena upon her legitimation by defendant on September 22, 1966. Defendant was thereby obligated to provide for her support up to the age of majority. His status as a mere "reputed father" under R.C. 3111.17 was permanently changed by his actions under R.C. 2105.18, acknowledging himself as the "natural father."

The support order of the juvenile court contained no specific reference to the term of support and, thus, the duration of the payments was controlled by the applicable statutory provisions. Although defendant was originally only required, under R.C. 3111.17 as the reputed father, to provide support through Selena's eighteenth birthday, his duty of support was extended by his acknowledgment of the child to that of a natural father under R.C. 3103.03. Therefore, R.C. 3103.03 controlled defendant's duty of support and its duration.

A question now arises, however, concerning the varying language of R.C. 3103.03 and 3109.01 effective in 1966 and as amended in 1974.

R.C. 3103.03 states in part:

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority. Such duty of support shall continue dur-

ing seasonal vacation periods. If he neglects to support his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband unless she abandons him without cause."

R.C. 3109.01 states:

"All persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."

Under the amended language of R.C. 3103.03, taking into consideration the amendment to R.C. 3109.01, the parental duty of support extended beyond the child's eighteenth birthday only so long as the child continuously attended on a full-time basis a recognized and accredited high school. At the time of Selena's legitimation, R.C. 3103.03, in conjunction with R.C. 3109.01, provided for the duty of support of the natural father to extend until the child reached the age of twenty-one years. In ruling on the effects of the statutory change and the age of majority on the duty of support, the Supreme Court in *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1 [1 O.O.3d 1], and in the companion cases of *Rosenfeld* v. *Rosenfeld, Pappas* v. *Pappas* and *Kacik* v. *Kacik* (1976), 47 Ohio St. 2d 12 [1 O.O.3d 8], held that, although the amended language of R.C. 3109.01 did not contain a savings clause concerning preamendment orders, R.C. 1.58 required the amendment to operate prospectively only and that the statutory change in the age of majority could have no application to decretal support obligations because the amendment in and of itself had no effect on pre-1974 support decrees. While it would seem that the *Nokes* decision would require defendant's duty of support to be controlled by the pre-1974 language in both R.C. 3103.03 and 3109.01, the facts are distinguishable from those of the case at bar. The *Nokes* decision dealt with a situation where the

duration of the obligation of support was impliedly enumerated within the order. Where the order of support makes no reference to its duration and the obligations therein are altered by a change in the legal status of the child, it could reasonably be inferred that the order should continue so long as required by the applicable statutes, whether the child is at the age of majority effective at the issuance of the order or as lowered by subsequent amendment. *Petrosky* v. *Petrosky* (Sept. 27, 1983), Franklin App. No. 83AP-149, unreported.

As previously noted, the original order of support makes no reference to its duration. It could thus be inferred that the duration of the support order was controlled by the applicable statutes. Upon legitimation of the child, the support order was controlled by R.C. 3103.03 and 3109.01, and thereafter by the subsequent amendments. Therefore, at the time the motion for contempt was brought defendant was obligated only to support Selena until she was eighteen, or, if she was over eighteen and still attending high school, until her graduation. Accordingly, the trial court was in error when it concluded that the obligation of child support terminated upon the child's eighteenth birthday. Plaintiff's first assignment of error is sustained.

In consideration of her second assignment of error, we find that the trial court also erred by refusing to enter judgment in plaintiff's favor for arrearages. As noted in our discussion of plaintiff's first assignment of error, defendant was obligated to pay child support until Selena graduated from high school. Therefore, any payments due for the period between Selena's eighteenth birthday and the date of her graduation were collectible.

As for the increased support payments of $25, plaintiff argues that the modification order of March 31, 1982 was to be effective as of September

18, 1981 as stated in the referee's report and recommendation. It is defendant's position that the orders of increase did not take effect until March 31, 1982 and only from that date was he legally obligated to pay the increased amount of $25 per week per child. While defendant did pay the increased support payments from September 18, 1981, the money paid up to March 31, 1982 was an overpayment. It would appear to be plaintiff's contention, although it was not set forth with any clarity either in the proceedings in the court below or in plaintiff's brief, that the amount paid for that period should not be set off against the arrearage due for the period of defendant's nonpayment since defendant was obligated to pay the higher amount beginning on September 18, 1981 as ordered by the trial court on March 31, 1982.

The trial court, in its *decision* of April 2, 1982, approved the report and recommendation of the referee which recommended that the order of support in each case be increased to $25 per week "effective September 18, 1981." The language of the *judgment entry* of the trial court is absent any reference to the effective date of the increase in support.

A review of the objections filed by plaintiff discloses that she challenged only the amount of the increase and raised no other issues. In overruling the objections and approving the referee's report and recommendation, the court refers only to the issue in dispute, that being the amount of the increase. As such, without any specific reference to the trial court's disapproval of the referee's report or its desire to modify his recommendation, the approval of the report and recommendation was intended to include the effective date of September 18, 1981. Moreover, defendant did not object to the referee's report or to the increase in support effective from the date of the hearing. In fact, defendant began paying the increased amount as of September 18, 1981.

In light of the approval of the referee's report and recommendation by the trial court and the absence of any objections by defendant, the order of support was effective as of September 18, 1981 and no setoff of the amount paid from that date to the date of approval by the trial court was available against any arrears. Plaintiff's second assignment of error is sustained.

Accordingly, plaintiff's first and second assignments of error are sustained. The judgment of the court is reversed, and the cause is remanded for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

REILLY, P.J., and MOYER, J., concur.