Bauer, n.k.a. Replogle, Appellee, *v.* Bauer, Appellant.

(No. 88AP-234—Decided February 23, 1989.)

*Michael Miller,* prosecuting attorney, and *Anne K. Tsitouris,* for appellee.

*Kelly M. Morgan,* for appellant.

Strausbaugh, J. This is an appeal by petitioner-appellant from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding him in contempt. The basis for the contempt finding was appellant's failure to pay child support pursuant to the provisions of a February 4, 1970 decree of divorce.

Appellant, Troy Phillip Bauer, married petitioner-appellee, Sandra P. Bauer (n.k.a. Replogle), on July 27, 1963. Two children were born to the parties, Dawn Rae on February 4, 1964, and Joseph on February 6, 1968. Thereafter, the parties were divorced in Franklin County on February 4, 1970. The decree incorporated a separation agreement which provided, *inter alia,* for child support as follows:

"(2) Husband agrees to pay to the Wife, as and for support money for the care, maintenance, support, and

education of their said children, the sum of Thirty-five and 00/100 Dollars ($35.00) per week, plus poundage, through the Cashier of the Court of Domestic Relations, 50 E. Mound Street, Columbus, Ohio, beginning from the date of this agreement and continuing until said children become emancipated. * * *''

Subsequent to the divorce, by agreement of the parties appellant lost contact with his family, including his children. Additionally, appellant paid no child support. However, in October 1985, Dawn Rae attempted to reestablish a relationship with appellant and contacted him through his parents. Appellee then filed a motion for contempt seeking to compel appellant to pay unpaid child support, which issue was ultimately settled by the parties in April 1987. In the interim, appellant's son Joseph graduated from high school in June 1986 and was over the age of eighteen. Dawn Rae was, of course, emancipated and beyond the age of twenty-one.

Given these circumstances, appellant failed to continue providing child support for Joseph, and appellee, on June 18, 1987, moved the court once again for a finding of contempt seeking an order from the court directing appellant to continue paying child support for Joseph. The matter was referred to a referee of the division of domestic relations who took evidence on November 9, 1987 and thereafter issued a report and recommendation on November 23, 1987. The referee recommended that appellant be found guilty of contempt for failure to pay child support. The referee premised this recommendation upon the conclusion that Joseph was not emancipated by reason of his reaching the age of majority. It was the referee's opinion that because the decree of divorce was entered in 1970, prior to the subsequent change in the age of majority

from twenty-one to eighteen, appellant was obligated to continue providing support to Joseph until he reached the age of twenty-one, absent other evidence of emancipation. The recommendation was premised specifically upon this court's decision in *Pappas* v. *Pappas* (Dec. 24, 1974), Franklin App. No. 74AP-375, unreported, affirmed (1976), 47 Ohio St. 2d 12, 1 O.O. 3d 8, 351 N.E. 2d 181, and upon the decision of the Supreme Court in *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1, 1 O.O. 3d 1, 351 N.E. 2d 174.

Appellant then filed objections to the report of the referee, contending that the referee erred in relying upon the case of *Nokes, supra,* since this court had distinguished *Nokes* in our decision of *Zweifel* v. *Price* (1985), 24 Ohio App. 3d 101, 24 OBR 171, 493 N.E. 2d 300. The trial court, although sustaining in part appellant's objections to the report of the referee contesting the amount of arrearages, overruled appellant's objections regarding the age-of-majority question.

Appellant then initiated the instant action and assigns for our review the following single assignment of error:

"The court erred in determining that appellant has a continuing obligation to pay child support."

Essentially, appellant reiterates the argument made before the trial court regarding the impact of our decision in *Zweifel, supra,* on the holding of *Nokes, supra.* The essence of this argument is that, as in *Zweifel,* there is no order which specifies the duration of obligation, either implicitly or explicitly. We disagree.

Both *Zweifel, supra,* and *Petrosky* v. *Petrosky* (Sept. 27, 1983), Franklin App. No. 83AP-149, unreported, upon which the *Zweifel* decision rested, involved support orders which did not

specify a duration or term of support. In this case, however, the decree specifically incorporated a separation agreement which provided that appellant's duty of support was to continue until the children became emancipated. As such, our decision in *Pappas, supra,* is directly on point with the instant matter.

Although this court acknowledged in *Pappas* that emancipation was not synonymous with the age of majority such that a child may become emancipated either before or after reaching the age of majority, to the extent the obligor contends that emancipation is reached upon the attainment of the age of majority, it is the age of majority in effect at the time the decree is rendered that controls that determination. *Id.* at 6-7. While we acknowledged in *Pappas* that emancipation could occur for reasons other than reaching the age of majority, that is not the issue raised in this case. Rather, appellant's sole contention is that Joseph was emancipated by virtue of his attaining his eighteenth birthday in 1986. We rejected that argument in *Pappas* and we continue to adhere to that view.

Based on the foregoing, appellant's sole assignment of error is overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

YOUNG, J., concurs.

GREY, J., dissents.

LAWRENCE GREY, J., of the Fourth Appellate District, sitting by assignment.