MOTLEY, Appellant,

v.

MOTLEY, Appellee.

[Cite as *Motley v. Motley* (1995), 102 Ohio App.3d 67.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16549.

Decided March 22, 1995.

68

*Timothy P. Assaf,* for appellant.

*Christine Motley, pro se.*

**DICKINSON, Judge.**

Plaintiff Robert Motley has appealed from a post-decree order of the Summit County Domestic Relations Court that directed him to pay his former wife, defendant Christine Motley, $20,843.85 as child support arrearage. He has argued that the trial court erred in calculating the amount of his child support arrearage because it incorrectly determined that his obligation to support his four children continued until they reached the age of twenty-one. This court reverses the judgment of the trial court because Mr. Motley's obligation to pay child support ended as each of his children reached the age of eighteen.

Mr. and Mrs. Motley were married during 1958 and divorced during 1973. They are the parents of four children. At the time of their divorce, the trial court adopted a separation agreement pursuant to which they had agreed that Mr. Motley would pay $80.80 per week as child support:

"That [Mr. Motley] pay to [Mrs. Motley] the sum of $80.80 per week, including poundage, through the Clerk of this Court, as and for support of the parties' four minor children, but to that end that [Mr. Motley's] employer, Terex, a Division of General Motors, withhold $80.80 from [Mr. Motley's] earnings beginning with the next pay due [Mr. Motley] following Terex['s] receipt of this Order; the same to continue until further Order of this Court."

Mr. Motley's child support obligation was later raised to $30 per week per child.

During June 1993, the Summit County Child Support Enforcement Agency moved the trial court to terminate Mr. Motley's support obligation and for a judgment for arrearage. The matter was referred to a referee, who recommended that Mr. Motley be ordered to pay $20,843.85. Mr. Motley objected to the referee's report and recommendation, but, on October 25, 1993, the trial court overruled his objection and adopted the referee's report and recommendation. Mr. Motley timely appealed to this court.

 Mr. Motley's sole argument is that the trial court erred in calculating the amount of his child support arrearage because it incorrectly determined that his obligation to support his children continued until they reached the age of twenty-one. Pursuant to R.C. 3109.01 as it existed at the time of the parties' divorce, the age of majority in Ohio was twenty-one. Effective January 1, 1974, R.C. 3109.01 was amended to change the age of majority to eighteen. The trial court determined that Mr. Motley's obligation to provide child support was controlled by the law as it existed at the time of the parties' divorce rather than as it has existed since January 1, 1974.

In *Nokes v. Nokes* (1976), 47 Ohio St.2d 1, 2, 1 O.O.3d 1, 1–2, 351 N.E.2d 174, 175–176, the Ohio Supreme Court held that the amendment of R.C. 3109.01 had no effect on a pre–1974 child support decree in which Mr. Nokes had been directed to support his "minor children" and to "provide a college education to any of his children desiring the same, and [to] be responsible for all of their expenses for such advanced education at rates provided for in state universities." According to the Supreme Court, a holding that Mr. Nokes was no longer obligated to provide a college education to his children because any obligation he owed them ended when they reached the age of eighteen would have been an unconstitutional retroactive application of a change in the law. In *Rosenfeld v. Rosenfeld* (1976), 47 Ohio St.2d 12, 1 O.O.3d 8, 351 N.E.2d 181, which was decided the same day as *Nokes,* the Supreme Court further held that the amendment of R.C. 3109.01 had no effect on three pre–1974 child support decrees which incorporated separation agreements that provided support, respectively: (1) until a child "reaches the age of 21 years, marries or otherwise becomes duly emancipated, whichever eventually occurs first"; (2) until "minor children become emancipated"; and (3) until "children attain their majority, marry, become members of the Armed Forces, or otherwise become duly emancipated, and until further order of the court."

In *Zweifel v. Price* (1985), 24 Ohio App.3d 101, 24 OBR 171, 493 N.E.2d 300, the Tenth District Court of Appeals held that an obligation to provide child support pursuant to a pre–1974 order that did not state, either explicitly or implicitly, how long that obligation lasted terminated upon the parties' children

reaching the age of eighteen. The court distinguished the facts before it from those in *Nokes* and *Rosenfeld:*

"While it would seem that the *Nokes* decision would require defendant's duty of support to be controlled by the pre–1974 language in both R.C. 3103.03 and 3109.01, the facts are distinguishable from those of the case at bar. The *Nokes* decision dealt with a situation where the duration of the obligation of support was impliedly enumerated within the order. Where the order of support makes no reference to its duration and the obligations therein are altered by a change in the legal status of the child, it could reasonably be inferred that the order should continue so long as required by the applicable statutes, whether the child is at the age of majority effective at the issuance of the order or as lowered by subsequent amendment." *Id.,* 24 Ohio App.3d at 104, 24 OBR at 174, 493 N.E.2d at 303–304, citing *Petrosky v. Petrosky* (Sept. 27, 1983), Franklin App. No. 83AP–149, unreported, 1983 WL 3693.

Pursuant to the rationales of *Nokes, Rosenfeld,* and *Zweifel,* a determination of whether an obligation to provide child support pursuant to a pre–1974 decree depends upon whether the decree, explicitly or implicitly, "enumerated" the duration of the obligation of support. If it did, like those in *Nokes* and *Rosenfeld,* that obligation was not changed by the lowering of the age of majority. If it did not, like that in *Zweifel,* the lowering of the age of majority meant that the support obligation ended when the child or children at issue reached the age of eighteen.

The decree at issue in this case, like the decree in *Zweifel* and unlike those in *Nokes* and *Rosenfeld,* did not include an enumeration of the duration of the obligation of support. It only provided that it would "continue until further Order of [the] Court."

The trial court in this case recognized that the decree at issue was silent regarding its duration. In its order overruling Mr. Motley's objection to the referee's report and recommendation, however, it stated that the courts of appeals have "differed in their rulings regarding this issue * * * when the order is silent as to the duration of support." It further stated that the latest case on this issue was *Bauer v. Bauer* (1989), 57 Ohio App.3d 24, 566 N.E.2d 185, which, according to it, "held that where a child support obligor contends that emancipation is reached upon the attainment of the age of majority, it is the age of majority in effect at the time the decree is rendered that controls that determination." *Bauer,* like *Zweifel,* was a decision of the Tenth District Court of Appeals. It was not, however, a case involving a support order that was "silent as to the duration of support." Rather, it involved a support order that provided for support "until said children bec[a]me emancipated." *Id.* at 25, 566 N.E.2d at 185. The court in *Bauer* did not disagree with its earlier holding in *Zweifel.* In fact, it

specifically distinguished the facts before it in *Bauer* from those that had been before it in *Zweifel:*

"Both *Zweifel* \* \* \* and *Petrosky v. Petrosky* (Sept. 27, 1983), Franklin App. No. 83AP–149, unreported [1983 WL 3693], upon which the *Zweifel* decision rested, involved support orders which did not specify a duration or term of support. In this case, however, the decree specifically incorporated a separation agreement which provided that appellant's duty of support was to continue until the children became emancipated." *Id.* at 25–26, 566 N.E.2d at 186.

*Bauer* was simply a case that followed *Nokes* and *Rosenfeld,* not a case that overruled *Zweifel.*

The decree at issue in this case did not explicitly nor implicitly specify a duration or term for Mr. Motley's child support obligation. Therefore, based upon the rationale stated in *Zweifel,* that obligation ended for each child upon that child reaching the age of eighteen. Mr. Motley's assignment of error is sustained.

Mr. Motley's assignment of error is sustained. The judgment of the trial court is reversed and this matter is remanded for a recalculation of Mr. Motley's child support arrearage.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and BAIRD, J., concur.