OPINION
This is an accelerated appeal arising from a decision by the Butler County Court of Common Pleas, Domestic Relations Division, finding that the parties' child, Angie Deaton, became emancipated on her twenty-first birthday.
Defendant-appellant, Thomas Deaton, and plaintiff-appellee, Connie Deaton Quillen, were divorced pursuant to a divorce decree filed by the Butler County Court of Common Pleas, Domestic Relations Division, on June 7, 1973. At the time of the divorce, the parties had two minor children, Monica, born on November 30, 1968, and Angie, born on October 26, 1969. The divorce decree incorporated the parties' oral separation agreement and provided, in pertinent part, that "[appellant] shall pay to the [appellee] as and for child support for the parties' two minor children the sum of $30.00 per week through the Bureau of Support * * *."[1]
Angie resided with appellee until she turned twenty-one years old while Monica moved out of appellee's residence following her eighteenth birthday and graduation from high school. Appellant did not pay any child support to appellee following the childrens' respective eighteenth birthdays. On April 22, 1997, appellee filed a motion for contempt based upon appellant's failure to pay child support following each child's eighteenth birthday. Appellee argued that appellant's obligation to pay child support continued until the children turned twenty-one years old. Appellant filed a motion requesting the trial court to find that the children became emancipated upon reaching the age of eighteen.
On July 14, 1997, the trial court filed an entry finding that Angie became emancipated on her twenty-first birthday and Monica became emancipated after graduating from high school and moving out of appellee's home. Appellant now appeals from the July 14, 1997 entry, only as it pertains to Angie, setting forth the following assignment of error:
 The trial court erred in finding that Angie Quillen was emancipated on her twenty-first birthday.
In his assignment of error, appellant contends that the trial court erred by finding that Angie was not emancipated until her twenty-first birthday. Appellant argues that his child support obligation should have terminated when Angie turned eighteen years old because the duration of his support obligation was not specified in the parties' 1973 divorce decree. Appellant further argues that even if he was obligated to pay child support until Angie turned twenty-one, his obligation to pay ceased when Angie turned eighteen because she was emancipated at that time.
Effective January 1, 1974, the Ohio legislature changed the age of majority from twenty-one to eighteen years of age. R.C.3109.01. The Ohio Supreme Court has interpreted the effect of the 1974 amendment of R.C. 3109.01 upon pre-amendment divorce decrees establishing child support orders and held that "the statutory change in the age of majority can have no application to the subject decretal support obligations, because such change, in and of itself, has no effect upon pre-1974 support decrees." Nokes v. Nokes (1976), 47 Ohio St.2d 1, 9. See, also, Lampert v. Lampert (Oct. 29, 1990), Butler App. No. CA90-04-064, unreported; Russo v. Russo (Sept. 28, 1984), Butler App. No. CA84-03-039, unreported. The holding and rationale of Nokes also apply to pre-1974 divorce decrees which incorporate a separation agreement. Rosenfeld v. Rosenfeld (1976), 47 Ohio St.2d 12, 14. The supreme court's decision was based upon R.C. 1.58 and the fact that the 1974 amendment of R.C. 3109.01 did not indicate any intent on the part of the legislature to apply the new law "any way other than prospectively."[2] Nokes, 47 Ohio St.2d at 9.
Where a pre-1974 child support order contains either an explicit or implicit duration, the support obligation continues until the child or children reach the age of twenty-one, the age of majority prior to 1974. See Nokes, 47 Ohio St.2d at 7-9; Bauer v. Bauer (1989), 57 Ohio App.3d 24, 25-26; Zweifel v. Price (1985),24 Ohio App.3d 101, 104. Thus, according to Nokes, a pre-1974 child support order which requires a parent to pay support for his or her "minor child" should be interpreted so as to require the parent to support the child until the age of twenty-one, the age of majority prior to the 1974 amendment of R.C. 3109.01. Rumpke v. Rumpke (Oct. 5, 1987), Clermont App. No. CA87-03-026, unreported; Kittel v. Kittel (Nov. 3, 1982), Butler No. 81-05-0042, unreported.
Since the divorce decree involved in the instant case refers only to the duration of child support in terms of "minor children," which was precisely the language used in the order considered by the supreme court in Nokes, the Nokes decision controls the disposition of this case. See Nokes,47 Ohio St.2d at 2; Rumpke, Clermont App. No. CA87-03-026, unreported. After carefully reviewing the record, we find that by stating that appellant must provide child support for "the parties' two minor children," the parties' pre-1974 divorce decree implicitly provides a duration for the support obligation which is the age of twenty-one, the statutorily defined age of majority at the time the decree was entered. Nokes, 47 Ohio St.2d at 9; Rumpke, Clermont CA87-03-026, unreported; Kittel, Butler No. 81-05-0042, unreported. Accordingly, appellant is obligated for the payment of child support until Angie's twentyfirst birthday.
Further, we decline to disturb the trial court's finding that Angie became emancipated at age twenty-one. The evidence contained in the record before us is insufficient to consider appellant's argument that Angie became emancipated prior to age twenty-one.[3] We cannot determine whether the findings and orders of the trial court are an abuse of discretion without reviewing the proceedings that led to the trial court's decision. Therefore, we will presume the validity and regularity of the proceedings below with respect to the trial court's determination that Angie became emancipated at the age of twenty-one. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant's sole assignment of error is overruled.
POWELL, J., concurs.
KOEHLER, J., concurs separately.
[1] Appellant's child support obligation was later increased in a subsequent court order dated September 11, 1984.
[2] R.C. 1.58 provides, in part, that: (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section: (1) Affect the prior operation of the statute or any prior action taken thereunder; (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder; * * *."
[3] Appellant filed a "notification of lack of transcript or narrative statement" pursuant to Loc.R. 5 of the Twelfth Appellate District.