SNIDER et al., Appellants,

v.

LILLIE, Appellee.

[Cite as *Snider v. Lillie* (1997), 131 Ohio App.3d 444.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–961014.

Decided Oct. 17, 1997.

*Eric D. Bender,* for appellants.

*Donald C. LeRoy,* for appellee.

MARIANNA BROWN BETTMAN, Judge.

This appeal again raises the difficult and troubling questions of the rights, duties, and equities of the parties in a parentage action. The parties in this case are Elva Snider, the mother, her daughter Rita Snider, now an adult, and Jack A. Lillie, Jr., Rita's biological father.

## PROCEDURAL POSTURE

Plaintiffs-appellants, Elva and Rita Snider, filed a parentage action in juvenile court against defendant-appellee, Jack Lillie, on October 25, 1995. Rita was twenty-three at the time of the filing. When private genetic testing established a 99.99 percent probability that Lillie was Rita's father, Lillie admitted paternity. The admission was approved and judicially adopted. No one in this case has appealed from this finding, which is now a final judgment. After paternity was established, the magistrate held a hearing on the issue of back support.

## HEARING

After hearing the testimony, the magistrate found that Elva Snider and Jack Lillie had reached an agreement when Rita was less than a year old, whereby Lillie would stay away from Rita and forgo his right to participate in her life in any way, and Elva would not seek support from Lillie. The magistrate further found that neither mother nor daughter was entitled to back support, in Elva's case because Lillie had been materially prejudiced in his parental rights by her delay in seeking support, and in Rita's case because no right to back support existed for her. Appellants filed objections, which were overruled by the trial court. The court held that no right to back support existed in this case, adopted the magistrate's decision, and entered judgment accordingly. This appeal followed.

## ASSIGNMENTS OF ERROR

Appellants raise three related assignments of error. In their first assignment of error, appellants argue that the trial court erred in holding that laches and estoppel barred the claims of both mother and daughter to back support. In their second assignment of error, appellants argue that the trial court erred in holding that Rita had no separate claim against her father. In their third assignment of error, appellants argue that the trial court erred in not construing Lillie's admission of paternity as a waiver of all defenses to back support. Basically, all three challenge the decision of the trial court denying back support in this case. We will analyze all three assignments of error together.

## LEGAL ANALYSIS

We find a great deal of confusion in the case law as it relates to claims of mothers and children seeking retroactive child support, which today we hope to clarify.

While generally some adjudication or acknowledgement of paternity is necessary for the court to invoke its power to order support under R.C. 3111.13 or 3111.20, the right to find out who one's father is (or is not) is separate and distinct from the right to support from one's father. Although both arise from the parentage provisions in R.C. Chapter 3111, they are not the same concepts.[1] Today we clearly uncouple them.[2] The time in which to bring a claim to establish paternity under R.C. 3111.05 is five years longer than the duty to support exists in law. R.C. 3109.01. There are good reasons for this. Finding out who one's father is involves serious emotional and psychological issues. An eighteen-year-old may not be ready to make this decision, and five extra years seem a reasonable accommodation to emotional realities. Paternity also involves issues of inheritance and other death benefits which may extend beyond the time a child has the right to be supported during minority.

Filing a timely action to determine the existence of a father-child relationship, as was clearly done in this case by both mother and daughter, will not and cannot preserve an untimely claim for support. This is not a matter of

---

1. The separation of the concepts of support and paternity can be seen in R.C. 3111.19.

2. We have previously uncoupled the right of a child to bring an action to establish paternity from its mother's right to bring such an action. They are separate and distinct, and a mother who agrees not to establish paternity cannot bind the child. See, generally, *Broxterman v. Broxterman* (1995), 101 Ohio App.3d 661, 656 N.E.2d 394; see, also, *Rees v. Heimberger* (1989), 60 Ohio App.3d 45, 46, 573 N.E.2d 189, 192; *Ransome v. Lampman* (1995), 103 Ohio App.3d 8, 658 N.E.2d 313.

estoppel or laches, which was the basis, in part, of the trial court's decision. It is a matter of the court's subject-matter jurisdiction.

By both the statutory and common law of Ohio, parents are obligated to support their minor children. *State ex rel. Wright v. Indus. Comm.* (1943), 141 Ohio St. 187, 25 O.O. 277, 47 N.E.2d 209, paragraph one of the syllabus. This duty of support was extended to include illegitimate children in *Franklin v. Julian* (1972), 30 Ohio St.2d 228, 59 O.O.2d 264, 283 N.E.2d 813.

The statutory duty of biological and adoptive parents to support their children is codified generally at R.C. 3103.03(A). See *Nokes v. Nokes* (1976), 47 Ohio St.2d 1, 1 O.O.3d 1, 351 N.E.2d 174. This statutory duty now also specifically applies to a man who is determined to be the natural father of a child in a parentage action in juvenile court. R.C. 3103.031 and 3111.20. Both at common law and according to the express words of these statutes, this duty extends only to *minor* children.[3]

The age of majority is presently eighteen. R.C. 3109.01. Once a child attains the age of majority, he or she is no longer a child within the meaning of the statute. The authority of the court over an emancipated child no longer exists. With respect to present and future support, the court is without power to provide an emancipated child with support, the child has no legal right to be supported, and the court no longer has the power to order a parent to pay child support. *Miller v. Miller* (1951), 154 Ohio St. 530, 43 O.O. 496, 97 N.E.2d 213, paragraph two of the syllabus, citing with approval *Thiessen v. Moore* (1922), 105 Ohio St. 401, 137 N.E. 906. This is a matter of the court's subject-matter jurisdiction, which can never be conferred by agreement where it does not exist. *Miller* at paragraph three of the syllabus. Stated somewhat differently, the duty of a parent to support a normal child ends when the child reaches the age of majority. *Castle v. Castle* (1984), 15 Ohio St.3d 279, 282, 15 OBR 413, 415–416, 473 N.E.2d 803, 806. Thus the juvenile court in this case simply has no authority to order Lillie to provide child support to a child who is now an adult.

This appeal also raises the related question of whether the court can order Lillie to pay eighteen years of back support. The answer to this question is no. There is no provision in R.C. Chapter 3111 which allows for retroactive child support to be awarded, in the first instance, to or for an adult child. *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 183, 619 N.E.2d 469, 472, fn. 1.

---

3. The duty to support is extended until graduation from high school if the child is a full-time student. It can also be extended in the event of certain disabilities. Neither applies in this case.

■ We hold today that in order to present a cognizable claim for back support, an action for support or an action which triggers the duty to support must have been commenced during the child's minority when the legal duty to support exists.[4] This proposition is implicit in this court's decisions in both *Crawley–Kinley v. Price* (Mar. 13, 1996), Hamilton App. No. C–940920, unreported, 1996 WL 107569 (motion for support filed when child was sixteen), and *Davis v. Joyner* (Apr. 3, 1996), Hamilton App. No. C–950650, unreported, 1996 WL 149076 (paternity and support action filed when child was seventeen). See, also, *Lewis v. Chapin* (1994), 93 Ohio App.3d 695, 639 N.E.2d 848 (support action filed when child was sixteen); *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 642 N.E.2d 697 (paternity and support action filed when child was six).

■ The purpose of child support is to meet the current needs of a minor child. *Park v. Ambrose*, 85 Ohio App.3d at 183, 619 N.E.2d at 472, fn. 1. Except as noted in footnote three, *supra*, the duty of support exists only during a child's minority. Neither the mother of a child nor an emancipated eighteen-year-old can attempt to establish support in the first instance in a post-majority filing. Thus we hold today that in order to preserve a claim for past child support, the appropriate action to establish that claim must have been commenced during the child's minority. Accordingly, all three of appellants' assignments of error arguing that the trial court erred in failing to award retroactive child support are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J, and GORMAN, J., concur.

---

4. This is not to say that overdue and unpaid support cannot be collected by a parent or on behalf of a child after a child is emancipated. There is ample authority for the proposition that the appropriate party can have an arrearage reduced to a lump-sum judgment, *Roach v. Roach* (1956), 164 Ohio St. 587, 59 O.O. 1, 132 N.E.2d 742, and collect it after a child is emancipated. *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraphs one through four of the syllabus. However, in these cases a support order was made during minority. See, also, *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 15 OBR 134, 472 N.E.2d 328; *Zweifel v. Price* (1985), 24 Ohio App.3d 101, 24 OBR 171, 493 N.E.2d 300; R.C. 3113.21(M)(1) and (M)(2). Nor do we in any way limit the authority of a court, in its discretion, to award child support retroactively for the period of time prior to the date upon which the parent-child relationship is judicially established, so long as the action triggering the duty to support is brought during minority. We interpret the oft-cited case of *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 462, 642 N.E.2d 697, 704, in this light. Accord *Frazier v. Daniels* (1997), 118 Ohio App.3d 425, 693 N.E.2d 289.