**HUGERSHOFF,**

v.

**LOECY, Exr.**

Court of Common Pleas of Ohio,
Juvenile Division, Geauga County.

No. 98PN000034.

Decided Aug. 26, 1998.

*Abraham Cantor,* for plaintiff.

*David E. Lowe,* for estate of Joe Loecy.

CHARLES E. HENRY, Judge.

This matter came on for consideration of the motion to dismiss filed by the defendant, Roger J. Loecy, executor of the estate of Joe Loecy, pursuant to Civ.R. 12(C). In the court's review of said motion, the plaintiff, Angela M. Hugershoff, is entitled to have all material allegations in her complaint construed in her favor as true. *Peterson v. Teodosio* (1973) 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. For purpose of this motion, the court shall presume that the plaintiff's claim that she is the natural daughter of Doris Hugershoff and Joe Loecy is true and that her date of birth is June 14, 1975.

The executor in the above case asks for a judgment on the pleadings, maintaining that there is no statutory or case law authority granting the court subject matter jurisdiction to award an adult child back support in a paternity proceeding.

R.C. 3111.04(A) provides that an action to determine the existence of a father-child relationship can be brought by the child. R.C. 3111.07(A) clearly states that a child shall be made a party to the paternity action unless good cause is shown why the child should be excluded. The court is given discretion to appoint counsel for a child if the court finds that the child's interest conflicts with that of the mother.

R.C. 3111.13(C) grants the court in a paternity case broad authority to issue orders against the appropriate party concerning the duty of support or any other matter in the best interest of the child. Subsection (F)(3) of this code section recognizes the court's authority to determine whether to require a parent to pay an amount for a parent's failure to support a child prior to the date the court issues an order requiring that parent to pay current support.

By enacting R.C. 3111.05, the legislature has established a statute of limitations prohibiting actions from being brought later than five years after the child's eighteenth birthday.

The defendant in this action argues that the above-mentioned code sections do not contain a grant of authority authorizing the court to award back support to an adult child. The defendant cites a case from Hamilton County that specifically reaches that conclusion. *Snider v. Lillie* (1997), 131 Ohio App.3d 444, 722 N.E.2d 1036. This court notes that *Snider's* analysis of the issue is contained in a three-sentence paragraph. It ruled as follows:

"This appeal also raises the related question of whether the court can order Lillie to pay eighteen years of back support. The answer to this question is no. There is no provision in R.C. Chapter 3111 which allows for retroactive child

support to be awarded, in the first instance, to or for an adult child." *Snider* at 448, 722 N.E.2d at 1039.

In reaching this rather sweeping conclusion, the sole authority relied upon by the *Snider* court was dicta contained in a footnote in a case decided by the Fourth District Court of Appeals. In the footnote, the issue was raised but not decided by the court. *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 619 N.E.2d 469, fn. 1.

There is considerable case law that recognizes the claim of a child as being separate and distinct from that of the mother. *Rees v. Heimberger* (1989), 60 Ohio App.3d 45, 573 N.E.2d 189; *Park* at 185, 619 N.E.2d at 473–474; *Ransome v. Lampman* (1995), 103 Ohio App.3d 8, 18, 658 N.E.2d 313, 320; *Cornell v. Brumfield* (1996), 115 Ohio App.3d 259, 685 N.E.2d 270; *Lewis v. Chapin* (1994), 93 Ohio App.3d 695, 704, 639 N.E.2d 848, 853–854. But, see, *Donovan v. Zajac* (1997), 125 Ohio App.3d 245, 252, 708 N.E.2d 254, 259, which seems to indicate that there must first be a finding that a mother's claim for past support is barred before a minor can pursue a separate claim.

This court concludes that the broad grant of authority contained in R.C. 3111.13(C) authorizes the court to exercise subject matter jurisdiction over the issues of paternity and support. The fact that the child upon whom the claim for past support is made is now an adult has no bearing, given that R.C. 3111.05 expressly provides that an action can be commenced up to five years after the child has reached age eighteen.

The executor's Civ.R. 12(C) motion to dismiss is hereby denied.

You are hereby notified that on this date a judgment entry was filed that *may* be an "appealable" order.

IT IS SO ORDERED.

*Judgment accordingly.*