OPINION
{¶ 1} James Bodiker appeals from the judgment of the Common Pleas Court of Miami County Juvenile Division wherein the court denied his motion to vacate a judgment which established his paternity of a boy born in 1980.
 {¶ 2} On December 15, 1998, Mary Ellen Buechter filed a complaint in the Juvenile Court alleging that Bodiker was the father of her son Jarod who was born on February 29, 1980. Ms. Buechter asked the court to find that Bodiker was the father of the child and to award her child support retroactive to the child's birth as well as past health care costs. Bodiker was served by certified mail with a copy of the complaint and summons on January 5, 1998.
 {¶ 3} On February 12, 1999, the common pleas court found that Bodiker was the father of Jarod and ordered Bodiker to pay $23,274.39 in child support and health care expenses payable at the rate of $350 per month. On March 30, 1999, Bodiker moved to vacate the February 12, 1999 judgment contending that he had not been served with the complaint and did not receive the court's judgment until March 4, 1999.
 {¶ 4} Bodiker argued in his motion that the equitable defense of laches should bar Ms. Buechter from recovering back child support since she waited so long to pursue her claim.
 {¶ 5} The trial court overruled Bodiker's motion. The court found that Bodiker had acknowledged paternity in Colorado in January 1999 and that issue was not subject to re-litigation. The court noted that Bodiker had not supplied any evidence beyond his own statement that he did not receive service of the complaint and summons. The court noted that Bodiker admitted to receiving a certified letter regarding back medical expenses which was one of the demands contained in the complaint. The court noted that its file contains a copy of the certified mail receipt signed by Bodiker attached to the summons issued in the case. No appeal was taken from this decision of the court.
 {¶ 6} On September 12, 1999, Bodiker filed a new motion for relief from the judgment of February 12, 1999. In this motion, Bodiker contended the trial court lacked subject matter jurisdiction to order him to pay eighteen years of back child support for an emancipated child and he again raised the laches defense.
 {¶ 7} The matter was referred to a magistrate who recommended that Bodiker's motion be overruled. The magistrate rejected Bodiker's claim that the court lacked subject matter jurisdiction to enter its judgment. The magistrate also found Bodiker's laches argument unpersuasive noting that Ms. Buechter told Bodiker of her pregnancy and that he was the father of Jarod as early as 1982. The magistrate found that Bodiker had not demonstrated a meritorious defense to the paternity proceeding and in any event had not pursued his Civ.R. 60(B) motion within a reasonable time. The court noted that Bodiker's second motion was filed nineteen months after the judgment he sought to vacate. The trial court adopted the magistrate's findings and recommendations and entered judgment accordingly.
 {¶ 8} In his first assignment of error, Bodiker contends the trial court erred in finding that the doctrine of laches did not bar Mary Ellen Buechter's claim for child support arrearages. Bodiker contends he was prejudiced by being ordered to pay back child support when he received no benefit from being Jarod's father during the child's formative years. He also asserts that Ms. Buechter waived her rights to child support by failing to assert her rights to the support during the term of the child's minority.
 {¶ 9} In overruling Bodiker's initial Civ.R. 60(B) motion the trial court determined that Bodiker had no grounds to vacate the judgment ordering him to pay the substantial child support arrearage. The court determined that he had been properly served with the complaint and summons but he simply failed to contest the complaint. Bodiker neither appealed the original judgment nor the judgment overruling his initial Civ.R. 60(B) motion. It is fundamental that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe v. Trumbull CtyChildrens Services Bd. (1986), 28 Ohio St.3d 128 and the cases cited therein. Also when a motion for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally. BrickProcessors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478. Accordingly, the first assignment of error is overruled.
 {¶ 10} In his second assignment, Bodiker contends the trial court erred as a matter of law in finding that it had subject matter jurisdiction to award child support arrearages to Ms. Buechter once Jarod had attained the age of majority.
 {¶ 11} In support of this assignment Bodiker cites the case ofSnider v. Lillie (1997), 131 Ohio App.3d 444, wherein the Hamilton County Court of Appeals held that a biological father could not be ordered to pay back child support for expenses incurred by the child's mother during the first eighteen years of the child's life, where no action for support, or other action which would trigger the duty of support had been commenced during the period of the child's minority. The court held that filing a timely action for paternity will not and cannot preserve an untimely claim for support. The court held that it was not a matter of laches or estoppel, but a matter of the court's subject matter jurisdiction.
 {¶ 12} Judge Bettman wrote the following on behalf of the court:
 {¶ 13} "The age of majority is presently eighteen. R.C. 3109.01. Once a child attains the age of majority, he or she is no longer a child within the meaning of the statute. The authority of the court over an emancipated child no longer exists. With respect to present and future support, the court is without power to provide an emancipated child with support, the child has no legal right to be supported, and the court no longer has the power to order a parent to pay child support. Miller v. Miller
(1951), 154 Ohio St. 530, 43 O.O. 496, 97 N.E.2d 213, paragraph two of the syllabus, citing with approval Thiessen v. Moore (1922), 105 Ohio St. 401, 137 N.E. 906. This is a matter of the court's subject-matter jurisdiction, which can never be conferred by agreement where it does not exist. Miller at paragraph three of the syllabus. Started somewhat differently, the duty of a parent to support a normal child ends when the child reaches the age of majority. Castle v. Castle (1984), 15 Ohio St.3d 279, 282, 15 OBR 413, 415-416, 473 N.E.2d 803, 806. Thus the juvenile court in this case simply has no authority to order Lillie to provide child support to a child who is now an adult.
 {¶ 14} "This appeal also raises the related question of whether the court can order Lillie to pay eighteen years of back support. The answer to this question is no. There is no provision in R.C. Chapter 3111 which allows for retroactive child support to be awarded, in the first instance, to or for an adult child. Park v. Ambrose (1993),85 Ohio App.3d 179, 183, 619 N.E.2d 469, 472, fn. 1.
 {¶ 15} "We hold today that in order to present a cognizable claim for back support, an action for support or an action which triggers the duty to support must have been commenced during the child's minority when the legal duty to support exists. This proposition is implicit in this court's decisions in both Crawley-Kinley v. Price (Mar. 13, 1996), Hamilton App. No. C-940920, unreported, 1996 WL 107569 (motion for support filed when child was sixteen), and Davis v. Joyner (Apr. 3, 1996), Hamilton App. No. C-950650, unreported, 1996 WL 149076 (paternity and support action filed when child was seventeen). See, also, Lewis v.Chapin (1994), 93 Ohio App.3d 695, 639 N.E.2d 848 (support action filed when child was sixteen); Seegert v. Zietlow (1994), 95 Ohio App.3d 451,642 N.E.2d 697 (paternity and support action filed when child was six).
 {¶ 16} "The purpose of child support is to meet the current needs of a minor child. Park v. Ambrose, 85 Ohio App.3d at 183,619 N.E.2d at 472, fn. 1. Except as noted in footnote three, supra, the duty of support exists only during a child's minority. Neither the mother of a child nor an emancipated eighteen-year-old can attempt to establish support in the first instance in a post-majority filing. Thus we hold today that in order to preserve a claim for past child support, the appropriate action to establish that claim must have been commenced during the child's minority. Accordingly, all three of appellants' assignments of error arguing that the trial court erred in failing to award retroactive child support are overruled, and the judgment of the trial court is affirmed."
 {¶ 17} In Park v. Ambrose (1993), 85 Ohio App.3d 179, the Ross County Court of Appeals held that the trial court had subject matter jurisdiction to award child support retroactive to child's date of birth in a paternity proceeding brought more than 20 years after the child was born. The court found more troublesome whether the court, notwithstanding its jurisdiction over the case, exceeded its statutory authority in awarding back child support to a mother and her emancipated adult daughter. The court noted in a footnote that there was no provision in R.C. Chapter 3111 which allowed for retroactive child support to be awarded or permits such an award to be made to an adult child. I.d., f.n. 1 at 183.
 {¶ 18} In Hagershoff v. Loecy (1998), 103 Ohio Misc.2d 55, the Geauga County Common Pleas Court criticized the Snider opinion and held that the fact that the child for which the claim for past support is made is now an adult has no bearing on subject matter jurisdiction, given the fact that R.C. 3115.05 expressly provides that an action can be commenced up to five years after the child has reached the age of eighteen. The Cuyahoga County Court of Appeals has held that a juvenile court lacks jurisdiction to hear and determine a child support complaint filed after the child reached the age of majority. In re Livingston (1996),115 Ohio App.3d 613. The court noted that R.C. 2151.23(B)(4) provides that the juvenile court has original jurisdiction "to hear and determine an application for an order for the support of any child and "child" means a person who is under the age of eighteen years of age pursuant to R.C. 2151.011(B)(1)(a). Judge O'Donnell then noted at page 615 of the court's opinion:
 {¶ 19} "We conclude that the holding in Park does not apply to the issue in this case for two reasons. First, the court in Park found jurisdiction to order support pursuant to its jurisdiction over a parentage action. In contrast, the application for an order of support filed by Livingston in this case did not constitute a parentage action to determine a parent child relationship, but rather a complaint for child support only. Second, the clear language of R.C. 2151.23, the statute conferring jurisdiction on the juvenile court, provides that the juvenile court has jurisdiction to hear applications for support of any child, but a person over the age of eighteen is not a child for purposes of R.C. Chapter 2151.
 {¶ 20} "In accordance with the foregoing, the juvenile court did not possess jurisdiction to hear and determine an application for an order of support for a person over eighteen years of age. Therefore, the trial court properly dismissed the complaint and the assignment of error is overruled."
 {¶ 21} In Hudgins v. Mitchell (1998), 128 Ohio App.3d 403, the Summit County Court of Appeals held that a child may bring a paternity action and pursue a past support obligation even after any present support obligation has been eliminated due to the child's reaching majority. Judge Slaby explained the court's rationale in this way:
 {¶ 22} "The law allows a child to establish paternity and pursue a past support obligation even after any present support obligation has been eliminated due to the child's reaching majority. R.C. 3111.05. See Seegert v. Zietlow (1994), 95 Ohio App.3d 451, 460, 642 N.E.2d 697, 703. If a child is permitted to pursue past support from a putative father, even though no current support duty exists because of the child's emancipation, we see no reason why a child should not be permitted to pursue past support from a biological parent, even though the present obligation has ceased because of an adoption.
 {¶ 23} In Seegert v. Zietlow, supra, the Cuyahoga County Court of Appeals held that a juvenile court has jurisdiction in a parentage action to award retroactive or back child support for the period of time prior to the date upon which parent-child relationships is judicially established. In dicta, Judge Nugent observed:
 {¶ 24} "We also believe it is worth noting that a parentage action may be brought up to five years after a child reaches the age of majority. R.C. 3111.05. Because the parents' duty to support their children generally extends to the child's eighteenth birthday, see R.C. 3103.03, it would be illogical to extend the statute of limitations beyond the child's majority if the legislature contemplated that only current support be awarded in a paternity action. After a child has reached the age of majority, the putative parent would generally no longer have any duty to support that child. Thus, by extending the statute of limitations beyond the age of majority, when the parent no longer has any duty of support, it appears the legislature envisioned that back child support would be awarded in a parentage action."
 {¶ 25} In Spires v. Moore (November 24, 1999), Muskingam App. No. CT98-0040, the court of appeals held that the trial court erred in holding that it did not have subject matter jurisdiction over a request for retroactive child support in a paternity proceeding brought by a 20 year old child. The court held that since the paternity action was filed within the statute of limitations and because an award of child support is one type of relief available in a paternity action, the court erred in concluding it did not have subject matter jurisdiction to enter the judgment. Judge Gwin wrote as follows:
 {¶ 26} "We disagree with the reasoning of Snider. R.C. 3111.13(C) gives the court authority to enter any order concerning support, following a determination of parentage. The statute does not distinguish between those claims brought while a child is under the age of 18, and those brought after the age of 18. While the statute is not clear concerning whether such an order of retroactive support is appropriate when brought after the child is emancipated, the statute clearly confers jurisdiction on the court to make such a determination. While equitable defenses such as waiver and laches may render an award inappropriate, the court has jurisdiction to consider the claim."
 {¶ 27} R.C. 3111.15(A) provides some additional support for the award of retroactive support to the mother in a paternity proceeding. That section provides as follows:
 {¶ 28} "(A) If the existence of the father and child relationship is declared or if paternity or a duty of support has been adjudicated under sections 3111.01 to 3111.18 of the Revised Code or under prior law, the obligation of the father may be enforced in the same or other proceedings by the mother, the child, or the public authority that has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, support, or funeral, or by any other person, including a private agency, to the extent that any of them may furnish, has furnished, or is furnishing these expenses." (Emphasis added).
 {¶ 29} It is clear that there is conflict in the appellate districts on the question of whether a juvenile court has subject matter jurisdiction to award retroactive support payments in a paternity action filed after the child has reached the age of majority. We find the opinions of the Fourth, Fifth, and Ninth Appellate Districts to be more persuasive than those of the First and Eighth Appellate Districts on this issue. Accordingly, we find the trial court had subject matter jurisdiction to enter the retroactive support award and we overrule appellant's second assignment of error. We would be inclined to entertain a motion to certify our judgment as being in conflict with the First and Eighth Appellate Districts, should the appellant choose that course of action.
 {¶ 30} The judgment of the trial court will be Affirmed.
FAIN, J., and YOUNG, J., concur.