OPINION
{¶ 1} Defendant-appellant Barrett Kemp II ("Kemp") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County, Juvenile Division.
 {¶ 2} On June 12, 1982, Deborah Shaefer Carnes ("Carnes") gave birth to Jessica Marie Schaefer ("Schaefer"). Carnes believed that Kemp was the father and told him so. Kemp had contact with Schaefer one time before he left Ohio and moved to Texas. Soon afterwards, Carnes filed for welfare and indicated that Kemp was Schaefer's father and that he had moved to Texas. No paternity action was filed. Approximately two years later, Kemp wrote Carnes and told him that he was in Texas and wanted to see Schaefer. The visits never occurred. At no time did either Carnes or Kemp initiate paternity proceedings. Carnes did not attempt to locate Kemp after the letters arrived, even though Carnes was aware that Kemp's father was an attorney in St. Marys, Ohio. Carnes had no interest in making Kemp a part of hers and Schaefer's lives or in receiving child support from Kemp.
 {¶ 3} During 2001, Schaefer found Kemp via an internet search. She gave this information to the Auglaize County Child Support Enforcement Agency ("ACCSEA"). On September 10, 2001, ACCSEA filed a paternity complaint on behalf of Schaefer. Other than the complaint, no attempt was made to contact Kemp in Texas. Genetic tests were performed and revealed a 99.99% probability that Kemp is Schaeffer's father. On February 5, 2003, a hearing was held to determine child support. The trial court considered the testimony and determined that it had no jurisdiction to order child support on behalf of Carnes. However, the trial court ruled that it did have jurisdiction to order Kemp to pay back child support to Schaefer. The trial court awarded Schaefer child support in the amount of $52,514.06. It is from this judgment that Kemp appeals and raises the following assignment of error.
The [trial court] was without subject jurisdiction to order [Kemp] topay child support for a person who was an adult prior to the establishmentof a parent/child relationship.
 {¶ 4 The right to file a complaint for paternity exists until a person's 23 birthday. R.C. 3111.05. However, the right to find out the identity of one's father is separate from the right to receive support from that person. Snider v. Lillie (1997), 131 Ohio App.3d 444,722 N.E.2d 1036. The duty of a parent to support his or her child terminates upon that child reaching the age of majority, which is 18 years of age. R.C. 3109.01. The duty to support arises upon the filing of a paternity action or when a man is presumed to be the natural father pursuant to R.C. 3111.03. R.C. 3111.77 and R.C. 3103.03. The duty of support continues while the child is a minor and beyond the age of majority as long as the child is continuously attending on a full-time basis an accredited high school. R.C. 3103.031. Filing a timely action action to determine paternity does not preserve an untimely claim for support. Snider, supra.
 {¶ 5} The issue in this case is whether the trial court has jurisdiction to order child support to be paid to an adult child when paternity is established after the duty to support has terminated. This issue is one of first impression in this district. We believe the analysis and rationale expressed in Snider to be correct and in accord with our own.
Once a child attains the age of majority, he or she is no longer achild within the meaning of the statute. The authority of the court overan emancipated child no longer exists. With respect to present and futuresupport, the court is without power to provide an emancipated child withsupport, the child has no legal right to be supported, and the court nolonger has the power to order a parent to pay child support. * * * Thisis a matter of the court's subject matter jurisdiction, which can neverbe conferred by agreement where it does not exist. * * * Thus thejuvenile court in this case simply has no authority to order [the father]to provide child support to a child who is now an adult.
 This appeal also raises the related question of whether the court canorder [the father] to pay eighteen years of back support. The answer tothis question is no. There is no provision in R.C. Chapter 3111 whichallows for retroactive child support to be awarded, in the firstinstance, to or for an adult child. * * *
 We hold today that in order to present a cognizable claim for backsupport, an action for support or an action which triggers the duty tosupport must have been commenced during the child's minority when thelegal duty to support exists. * * *
 * * *
 The purpose of child support is to meet the current needs of a minorchild. * * * [T]he duty of support exists only during a child'sminority. Neither the mother of a child nor an emancipatedeighteen-year-old can attempt to establish support in the first instancein a post-majority filing. Thus we hold today that in order to preserve aclaim for past child support, the appropriate action to establish thatclaim must have been commenced during the child's minority.
 Snider, supra at 448-49 (citations omitted). See, also, In reLivingston (1996), 115 Ohio App.3d 613, 685 N.E.2d 1285.
 {¶ 6} The purpose behind granting support is to insure that the child has all of the necessities of life. The child is not entitled to the cash. Generally, the support is paid to the residential parent to be used to pay for food, shelter, clothes, etc. Once a child has reached the age of majority, the parents are no longer responsible for supporting the child. The child is presumed to have received adequate support during his or her upbringing since they have reached the age of majority. In this case, Schaefer is asking for support in addition to that which she has already received during her childhood. The trial court ordered Kemp to pay Schaefer more than $52,000 after she has already been supported. We hold that the juvenile court lacks jurisdiction to order retroactive child support when the first claim for support is made after the child reaches the age of majority and the duty to support has elapsed.[1] The assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Auglaize County, Juvenile Division, is reversed and the cause is remanded for further proceedings in accord with this judgment.
 Judgment reversed and cause remanded.
SHAW, J., concurs.
[1] For a contrary view see Buechter v. Bodiker 2nd Dist. No. 2002-CA-22, 2002-Ohio-5598 and Sexton v. Conley 4th Dist. No. 01CA2823,2002-Ohio-6346.