OPINION
{¶ 1} Defendant-appellant, Jill Springer ("Mother"), appeals the judgment of the Fayette County Court of Common Pleas, Juvenile Division, which ordered her to pay retroactive child support in a paternity action.
 {¶ 2} Plaintiff-appellee, Gregg Elzey, Jr. ("Gregg Jr."), was born on August 20, 1983, from the relationship between Mother and Gregg Elzey, Sr. ("Father"). From the time of his birth until 1988, Gregg Jr. lived with Father and Mother. Thereafter, Gregg Jr. resided only with Father. On July 23, 1997, Mother and Father signed a voluntary acknowledgement of parentage. An administrative order, which became a court order on August 4, 1997, compelled Mother to commence making monthly payments for child support.
 {¶ 3} Mother complied with the support order from 1997 until she became disabled in 1999 and fell behind in her child support payments. Mother applied for Social Security Disability ("SSD"), and eventually received $18,000 in SSD payments in 2001. After receiving the SSD payments, Mother deposited $6,700 with the Fayette County Child Support Enforcement Agency ("CSEA") to be applied to the accumulated arrearage. Mother also had in her possession two checks issued to Gregg Jr. which totaled approximately $4,740.
 {¶ 4} On October 18, 2001, Mother filed a motion in the Fayette County Juvenile Court, under the original parentage[1] action, asking that she be permitted to satisfy her arrearage either by applying the funds on deposit with CSEA or with the Social Security checks made payable to Gregg Jr. On December 7, 2001, Gregg Jr., now emancipated, filed a motion to be joined as a party to the parentage action, and filed a motion requesting retroactive support from 1988 until 1997, which was the time he lived with and was solely supported by Father.
 {¶ 5} The trial court joined Gregg Jr. as a party, allocated funds to satisfy the arrearage, and dispersed the Social Security checks payable to Gregg Jr. Mother did not appeal the portion of the decision dealing with the arrearage and the Social Security checks made payable to Gregg Jr. Therefore, there is no issue of arrearages before us on appeal.
 {¶ 6} With respect to the issue of retroactive support, the trial court found that Mother is obligated to pay $21,300.56 in retroactive support to Father. Mother had a credit of $5,442.90 from an overpayment to CSEA. The court credited this overpayment to the retroactive support, which left a balance of $15,857.66. The court ordered Mother to pay this amount in monthly installments of $232.67, including a two percent processing fee, through CSEA.
 {¶ 7} Mother now appeals the trial court's order, raising the following assignment of error:
 {¶ 8} "The trial court committed prejudicial error when it found 1. That an emancipated child (adult) could be joined as a party in a paternity action in juvenile court and then request an arrearage of back child support in a paternity action, and then 2. Ordered that an arrearage to be paid to the father, when 3. The father did not request the arrearage, and had in 1997 entered into a consent decree with appellant establishing child support and finding no arrearage existed, and never took an appeal from the 1997 consent decree."[2]
 {¶ 9} First, Mother argues that the trial court erred by joining appellee in the parentage action after he reached the age of 18. Mother maintains that a juvenile court lacks subject matter jurisdiction over an emancipated child.
 {¶ 10} Pursuant to R.C. 2151.23, a juvenile court has original jurisdiction to hear and determine an application for an award for the support of a child, and R.C. 2151.011 defines "child" as a person who is under 18 years of age. A juvenile court has original jurisdiction to hear and determine an application for an order for support of any person who is under 18 years of age. In re Livingston (1996), 115 Ohio App.3d 613,614. Accordingly, a juvenile court does not have jurisdiction to hear and determine an application for an order of support for a person who is over 18 years of age. Id. at 615.
 {¶ 11} However, there is a conflict among appellate districts on the question of whether a juvenile court has subject matter jurisdiction to award retroactive support payments in a parentage action filed after the child has reached the age of majority. SeeIn re Buechter, 98 Ohio St.3d 1407, 2003-Ohio-60.
 {¶ 12} This case originated as a parentage action in 1997, as evidenced by the acknowledgement of paternity and the resulting support order. Mother filed her motion in response to the support order that arose from the parentage action, and Gregg Jr. filed a motion to be joined in that parentage action, and also requested retroactive support as a result of the parent-child relationship. Therefore, we find that this action remains a parentage action rather than a claim of support.
 {¶ 13} Several courts have held that a juvenile court does have jurisdiction to determine an award of retroactive support pursuant to its jurisdiction to determine parentage. See Park v.Ambrose (1993), 85 Ohio App.3d 179 (holding that the trial court had subject matter jurisdiction to award child support retroactive to the child's date of birth in a paternity proceeding brought two years after the child's 18th birthday);Hudgins v. Mitchell (1998), 128 Ohio App.3d 403 (holding that a child may bring a paternity action and pursue a past support obligation even after any present support obligation has been eliminated due to the child's reaching majority); Sexton v.Conley, Scioto App. No. 01CA2823, 2002-Ohio-6346 (holding that as long as a child commences a paternity action prior to her 23rd birthday, a court may award retroactive child support upon finding existence of a parent-child relationship); In reBuechter, Miami App. No. 2002-CA-22, 2002-Ohio-5598 (holding that a juvenile court has subject matter jurisdiction to award retroactive support in a paternity action filed two years after the child's emancipation).
 {¶ 14} According to R.C. 3111.06, a juvenile court has jurisdiction over parentage actions, and R.C. 3111.05 permits a child to bring a paternity action up to five years after the child reaches the age of majority. Gilpin v. Smith (July 8, 1996), Clermont App. No. CA95-10-077. After such a relationship is established, R.C. 3111.16 permits the court to enforce that order. Id.
 {¶ 15} Mother argues that this court should adopt the view taken by an appellate court in Snider v. Lillie (1997),131 Ohio App.3d 444, 449, which held that a parent's duty to support his child exists only during the child's minority, and that "[n]either the mother of a child nor an emancipated eighteen-year-old can attempt to establish support * * * in a post majority filing." The court in Snider held that a trial court lacks the subject matter jurisdiction to determine and award retroactive support to an emancipated child. Id. See, also,Carnes v. Kemp, Auglaize App. No. 2-03-10, 2003-Ohio-5884 (holding that the trial court did not have jurisdiction to order retroactive child support when the first claim for support was made after the duty to support had elapsed).
 {¶ 16} We decline to follow the reasoning utilized inSnider and hold that a juvenile court has jurisdiction to hear and determine the merits of a parentage action and to make a support order pursuant to it. See e.g., Gilpin v. Smith. A juvenile court has jurisdiction to determine a parent's duty to support her child, and R.C. 3111.13 permits the court to make a support order based on that determination. Id.
 {¶ 17} Despite the fact that Gregg Jr. filed a motion for support four years after parentage was determined, we hold that the juvenile court had the authority to consider his claim. A juvenile court has jurisdiction to consider a claim for support following the determination of parentage, and an emancipated child may bring such an action until his 23rd birthday. Park v.Ambrose, 85 Ohio App.3d 179, 183.
 {¶ 18} For these reasons, we reject Mother's first argument, and hold that the juvenile court did have jurisdiction to join Gregg Jr. in the existing parentage action and to consider his claim for retroactive support.[3]
 {¶ 19} Next, Mother argues that the trial court improperly awarded retroactive support to Father, when it was Gregg Jr. who actually sought the award. We agree with this argument, and hold that it was improper for the trial court to award the retroactive support to Father when he did not request it.
 {¶ 20} A child's claim to support in a parentage action is separate and distinct from the claim brought by his parent. Reesv. Heimburger (1989), 60 Ohio App.3d 45, 46.
 {¶ 21} In the trial court's amended judgment entry, the court stated that, "latches [sic] does not apply to this case. Had the action been brought by the father, the question of latches [sic] might have been answered differently. However, the child is entitled to bring this action on his own behalf." We agree with the trial court that Gregg Jr. was entitled to bring the action for retroactive support on his own behalf. However, the trial court improperly awarded the retroactive support to Father, when he had not filed a motion requesting it.
 {¶ 22} In Gilpin, this court determined that an emancipated child was entitled to receive an award of retroactive support, but did so after it found the custodial parent was barred by laches from receiving the support. Clermont App. No. CA95-10-077. However, in this case, as previously stated, Father did not assert a claim for retroactive support, although he could have done so. See R.C. 3111.13, 3111.15.
 {¶ 23} In In re Hollaender (June 19, 2000), Warren App. No. CA99-08-092, this court held that a court could award retroactive child support to an emancipated child even though her mother, the custodial parent, had not requested such support. In choosing to award retroactive support to the child rather than to her mother, we stated that:
 {¶ 24} "While an award of child support made payable to the child is unusual, we find that Father was in no way prejudiced by the order to pay support directly to Stacie. * * * By Father's own admission, he made no support payments during the time that Mother had custody of Stacie * * *. Father is responsible for Stacie's support, no matter who the ultimate recipient is. * * * [T]he record reflects that Mother was properly served with Stacie's motion and did not respond. In effect, Mother acquiesced to Stacie's motion to collect the support which may have been payable to her." Id.
 {¶ 25} In the case at bar, Father was properly served with notice of Gregg Jr.'s motion, and actually testified on Gregg Jr.'s behalf. Had Father raised a claim for retroactive support, his claim would have been superior to Gregg Jr.'s claim as long as a defense such as laches does not apply. See, e.g., Gilpin v.Smith, Clermont App. No. CA95-10-077; Sexton v. Conley, 2002-Ohio-6346. However, we infer Father waived his claim for retroactive support, because he had notice of Gregg Jr.'s claim for the support and even appeared as a witness on Gregg Jr.'s behalf, without asserting any right to the retroactive support. We do not disturb the trial court's finding that Mother is obligated to pay support on Gregg Jr.'s behalf for the period of time Father supported Gregg Jr. alone. However, we hold that this support should be paid to Gregg Jr., because Father neither requested it, nor opposed Gregg Jr.'s claim for it.
 {¶ 26} Accordingly, Mother's assignment of error is overruled in part and sustained in part. We affirm the trial court's decision to join Gregg Jr. as a party to the parentage action and to consider his claim for retroactive support. However, we reverse the trial court's decision to award the retroactive support to Father. The trial court found Mother's current obligation to be $15,857.66, which is to be paid in monthly installments of $232.67. We order this amount be paid to Gregg Jr.
 {¶ 27} Judgment is affirmed in part and reversed in part.
Walsh and Powell, JJ., concur.
[1] We recognize that courts typically refer to such actions as "paternity" actions, but based on the facts presented in this case, we elect to refer to this as a "parentage" action.
[2] Mother asserts in her assignment of error that when juvenile court made the original support order, it found no past support due. However, we note that the original support order was silent on the issue of child support due prior to 1997.
[3] As we previously stated, Mother asserts in her assignment of error that when juvenile court made the original support order, it found no past support due. However, we note that the original support order was silent on the issue of child support due prior to 1997.