Francis E. Sweeney, Sr., J.
{¶ 1} Deborah Carnes gave birth to Jessica Schaefer, plaintiff-appellant, on June 12, 1982. During her pregnancy, Carnes told defendant-appellee, Barrett Kemp II, that she believed he was the father. Kemp saw Jessica once, when she was two weeks old, but then moved to Texas. Carnes contacted Kemp in Texas shortly after the move. In 1984, he offered to fly her and Jessica to Texas, but this never occurred. Carnes lost touch with Kemp and, through an attorney, tried to find him when Jessica was around eight or nine years old, but was unsuccessful. Carnes went on public assistance and never received any monetary support from Kemp.
{¶ 2} In January 2001, when Jessica was 18 years old, she located Kemp via an Internet search. On January 27, 2001, Jessica filed an application with appellant, the Auglaize County Child Support Enforcement Agency (“ACCSEA”). On September 10, 2001, Jessica, her mother, and ACCSEA filed a paternity action to establish the father-child relationship between Jessica and Kemp. A hearing was held and testimony was taken on February 5,- 2003. Kemp was not present but *630 was represented by counsel. The parties stipulated that Kemp was the natural and biological father of Jessica. The parties further stipulated that according to the Ohio Child Support Guidelines, if the court ordered him to pay support retroactive to Jessica’s date of birth up to emancipation, Kemp’s total child support obligation would be $52,514.06.
{¶ 3} Kemp’s attorney moved to dismiss Schaefer’s request for child support, arguing that the court was without jurisdiction to order support, since Jessica was over 18 years old when the complaint was filed. The trial court held that it did not have jurisdiction to enter an order of support to Deborah Carnes. However, based upon its interpretation of R.C. 3111.05 and 3111.13(C), the court concluded that it did have jurisdiction to award retroactive child support to Jessica, calculated from the date of birth to the age of 18.
{¶ 4} The court of appeals reversed and remanded, finding that the juvenile court is without authority to award retroactive child support to an adult child who seeks support after she reaches the age of majority. The court of appeals certified its judgment as in conflict with that of the Second Appellate District in In re Buechter, Miami App. No. 2002-CA-22, 2002-Ohio-5598, 2002 WL 31341567, and the Fourth Appellate District in Sexton v. Conley, Scioto App. No. 01CA2823, 2002-Ohio-6346, 2002 WL 31630766. This cause is now before this court upon our determination that a conflict exists and pursuant to the allowance of a discretionary appeal.
{¶ 5}. The certified issue before this court is: “Does a court have subject-matter jurisdiction to award retroactive child support payments in a paternity action initiated after the child has reached the age of majority?” For the following reasons, we answer this question in the affirmative and reverse the judgment of the court of appeals.
{¶ 6} R.C. 3111.06 provides a juvenile court with jurisdiction to hear parentage actions. The pertinent statute of limitations for parentage actions is set forth in R.C. 3111.05 and provides: “An action to determine the existence or nonexistence of the father and child relationship may not be brought later than five years after the child reaches the age of eighteen.” Thus, a child has up until the age of 23 to file a parentage action.
{¶ 7} Once a father-child relationship is established, a trial court has the authority to order support. R.C. 3111.13(C) expressly states that “the judgment or order may contain * * * any other provision directed against the appropriate party to the proceeding, concerning the duty of support * * *.” (Emphasis added.) It is undisputed that under this statute, a court may order back support to a minor child. However, the question we must answer in this appeal is whether an adult child is entitled to back child support if she files a paternity action before her 23d birthday.
*631 {¶ 8} Appellants argue that when R.C. 3111.05 is read in conjunction with R.C. 3111.13, it becomes clear that the juvenile court retains jurisdiction to award retroactive support in a paternity action brought after the emancipation of the child but prior to the child’s 23d birthday. Appellee, however, maintains that once a child reaches the age of 18, she is no longer a child and the juvenile court has no jurisdiction to order a parent to pay prior support obligations.
{¶ 9} The courts of appeal have taken divergent positions on this issue. One line of cases holds that a trial court lacks jurisdiction to order a parent to pay back child support to an adult child who files a parentage action against him or her. The leading case supporting this view is the First District Court of Appeals’ opinion in Snider v. Lillie (1997), 131 Ohio App.3d 444, 722 N.E.2d 1036, a decision the court of appeals relied on. In reaching this conclusion, the Snider court stated that there is no provision in R.C. Chapter 3111 that provides for retroactive child support to an adult child. The court further reasoned that since the legal duty to support exists only during the child’s minority, the support action must be commenced before the child turns 18. The court stated:
{¶ 10} “The purpose of child support is to meet the current needs of a minor child. Park v. Ambrose [1993], 85 Ohio App.3d [179] at 183, 619 N.E.2d [469] at 472, fn. 1. * * * [T]he duty of support exists only during a child’s minority. Neither the mother of a child nor an emancipated eighteen-year-old can attempt to establish support in the first instance in a post-majority filing.”
{¶ 11} The court of appeals’ majority opinion relied heavily on this public-policy argument in holding that the juvenile court lacked jurisdiction to award back child support to Jessica. The court reasoned that when a child reaches the age of majority the parents no longer have a duty to support the child.
{¶ 12} Other courts of appeals, however, specifically reject the rationale employed by the Snider court. While these courts acknowledge that a parent’s duty to support a child generally ends when the child reaches the age of majority, they believe that the interplay between R.C. 3111.05 and 3111.13 dictates the opposite result. See In re Buechter, Miami App. No. 2002-CA-22, 2002-Ohio-5598, 2002 WL 31341567; Sexton v. Conley, Scioto App. No. 01CA2823, 2002-Ohio-6346, 2002 WL 31630766; Elzey v. Springer, Fayette App. No. CA2003-04005, 2004-Ohio-1373, 2004 WL 549805; Hudgins v. Mitchell (1998), 128 Ohio App.3d 403, 715 N.E.2d 213; Spires v. Moore (Nov. 24, 1999), Muskingum App. No. CT98-0040, 2000 WL 1545. In their view, the fact that R.C. 3111.05 extends the time in which to bring a parentage action to age 23 is of particular significance. As the Sexton court noted:
{¶ 13} “We acknowledge that, generally, a parent’s duty to support their children terminates on the child’s eighteenth birthday. * * * Moreover, the language utilized by the legislature implies that the court will make the support *632 order for the current needs of the minor child. R.C. 3111.13(E) and (F); Park [v. Ambrose], 85 Ohio App.3d at 183, 619 N.E.2d 469, n. 4. Therefore, without considering R.C. 3111.05, one could argue that courts have no authority to award an adult emancipated child support when no court made a child support order during the child’s minority. However, since the legislature extended the time to file a paternity action beyond the child’s eighteenth birthday and permitted a child support order as a remedy once a court established paternity, it appears that the legislature envisioned an award of retroactive child support to an adult emancipated child under R.C. Chapter 3111.” (Emphasis sic.)
{¶ 14} The Eighth District Court of Appeals opinion of Seegert v. Zietlow (1994), 95 Ohio App.3d 451, 460, 642 N.E.2d 697, also noted, in dicta, the significance of the legislature’s extending the statute of limitations for a parentage action beyond 18, to age 23. The Seegert court explained:
{¶ 15} “We also believe it is worth noting that a parentage action may be brought up to five years after a child reaches the age of majority. R.C. 3111.05. Because the parents’ duty to support their children generally extends to the child’s eighteenth birthday, see R.C. 3103.03, it would be illogical to extend the statute of limitations beyond the child’s majority if the legislature contemplated that only current support be awarded in a paternity action. After a child has reached the age of majority, the putative parent would generally no longer have any duty to support that child. Thus, by extending the statute of limitations beyond the age of majority, when the parent no longer has any duty of support, it appears the legislature envisioned that back child support would be awarded in a parentage action.”
{¶ 16} In deciding which line of cases is the more sound, we are guided by well-settled rules of statutory construction. In interpreting a statute, a court’s principal concern is the legislative intent in enacting the statute. State ex rel. Francis v. Sours (1944), 143 Ohio St. 120, 124, 28 O.O. 53, 53 N.E.2d 1021. In order to determine that intent, a court must first look at the words of the statute itself. Provident Bank v. Wood (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 304 N.E.2d 378. We are also mindful that “ ‘all statutes which relate to the same general subject matter must be read in pari materia.’ ” Cater v. Cleveland (1998), 83 Ohio St.3d 24, 29, 697 N.E.2d 610, quoting Johnson’s Markets, Inc. v. New Carlisle Dept. of Health (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018. In construing such statutes together, full application must be given to both statutes unless they are irreconcilable. Cater, id.
{¶ 17} We first look to the plain language of the pertinent statutes. R.C. 3111.05 expressly provides that a paternity action may be commenced up to age 23, five years after the child has reached age 18. R.C. 3111.13(C) provides that a juvenile court has the authority to make a support order once a parentage *633 determination is made. Thus, R.C. 3111.05 extends the length of time in which to bring a parentage action, while R.C. 3111.13(C) is couched in broad language and does not limit a juvenile court’s jurisdiction in a parentage action to award retroactive support to minor children only.
{¶ 18} Consequently, we reject the rationale employed by the Snider court and instead are persuaded by those decisions, including the certified conflict cases, that hold that an adult child may seek retroactive child support up until age 23. Not only does the statutory language dictate this result, but we also believe that since the law specifically allows a child age 18 to 23 to file a paternity action, noncustodial parents should be accountable to their children up until the child’s 23d birthday and should not be able to shirk their responsibility as parents simply because the child may not have contacted or found the parent during the child’s younger years. Consequently, we hold that a juvenile court has jurisdiction to award retroactive child support payments to an adult emancipated child if a parentage action is filed prior to the child’s 23d birthday.
{¶ 19} Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings.
Judgment reversed and cause remanded.
Moyer, C.J., Resnick, Pfeifer and O’Connor, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., dissent.