*636 O’Donnell, J.,
dissenting.
{¶ 34} I am unable to join today’s majority. In my view, a juvenile court lacks statutory authority to award retroactive child support to an adult child when the initial claim for support is made after the child reaches the age of majority.
(¶ 35} The analysis presented by the majority is not persuasive. And reading R.C. 3111.05 in pari materia with R.C. 3111.13(C) creates only an inference of legislative intent allowing a juvenile court to make such an award. But common sense and express statutory language dictate otherwise. As pointed out by the appellate court below, generally no duty exists for parents to provide support to adult children. See R.C. 3103.031.[1] It is apparent to me that reasonable jurists can justify different outcomes by interpreting these sections of the Revised Code, and different appellate districts have reached opposite conclusions on these issues.[2]
{¶ 36} The different views expressed among appellate districts recognize the difficulty of determining legislative intent and suggest to me that this is a matter of state policy better left to the legislative branch of government for resolution. As Justice Stratton has articulated in her dissenting opinion, I also foresee a myriad of problems generated by authorizing adult children to sue their parents for retroactive child support. Not only is such a result counterproductive to engendering a strong family atmosphere, but it also pits family members against each other in a fight over cash, which also may include governmental agencies in certain instances pursuant to R.C. 3111.07. As highlighted by the appellate court in this case, the purpose of child support is to ensure that the child’s basic necessities are provided for during the years of the child’s upbringing. As stated by the able author of the well-reasoned and practical appellate court opinion, once a child reaches the age of majority, it is presumed that the child had received adequate support during minority; any action filed once the child reaches the age of 18 is essentially seeking cash from a parent because the law presumes that the necessities have been provided during minority.
{¶ 37} This decision, while offering an interpretation of the statutes in question, treads well into the field of establishing state policy contrary to that expressed by *637 the General Assembly in R.C. 3103.031, which manifests no duty for parents to support adult children. Because this ruling is contrary to that legislative policy, I respectfully dissent.
Legal Aid of Western Ohio and Byron K. Bonar, for appellant Schaefer.
John D. Brunner, for appellant Auglaize County Child Support Enforcement Agency.
Kravitz & Kravitz, L.L.C., Max Kravitz and Kort Gatterdam; S. Mark Weller, for appellee.
Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Diane Richards Brey, Deputy Solicitor, urging reversal for amicus curiae Attorney General of Ohio.
Michael K. Allen, Hamilton County Prosecuting Attorney, and David Kelley, Assistant Prosecuting Attorney, urging reversal for amicus curiae Hamilton County Prosecutor’s Office.
Ohio State Legal Services Association and Michael R. Smalz, urging reversal for amici curiae Association for Children for Enforcement of Support and Ohio NOW Education and Legal Fund.
Lundberg Stratton, J., concurs in the foregoing dissenting opinion.

. Effective March 22, 2001, R.C. 3103.031 provides: “[A] man determined to be the natural father of a child under sections 3111.01 to 3111.18 * * * of the Revised Code * * * assumes the parental duty of support for that child. Notwithstanding section 3109.01 of the Revised Code * * *, the parental duty of support to the child shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school.”

. See Carnes v. Kemp, Auglaize App. No. 2-03-10, 2003-Ohio-5884, 2003 WL 22473582; Sexton v. Conley, Scioto App. No. 01CA2823, 2002-Ohio-6346, 2002 WL 31630766; In re Buechter, Miami App. No. 2002-CA-22, 2002-Ohio-5598, 2002 WL 31341567; Snider v. Lillie (1997), 131 Ohio App.3d 444, 722 N.E.2d 1036.