[Cite as *In re W.W.*, 2013-Ohio-827.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98784**

## IN RE: W.W.

## [APPEAL BY CUYAHOGA SUPPORT ENFORCEMENT AGENCY N.K.A. CUYAHOGA COUNTY JOB AND FAMILY SERVICES]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Juvenile Division of the
Cuyahoga County Court of Common Pleas
Case No. AD-96992921

**BEFORE:** Blackmon, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**ATTORNEYS FOR APPELLANT**

**For Cuyahoga Support Enforcement Agency N.K.A.
Cuyahoga County Job and Family Services**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Joseph C. Young
C.J.F.S.
Assistant County Prosecutor
P. O. Box 93894
Cleveland, Ohio 44101-5984

**FOR APPELLEES**

C.C., Pro Se
1311 West 25 Street, #356
Cleveland, Ohio 44113

B.K., Pro Se
11623 Lenacrave Avenue (Up)
Cleveland, Ohio 44105

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Child Support Enforcement Agency [1] ("CSEA") appeals the juvenile court's dismissal of its motion to establish a child support order in favor of W.W. [2] and assigns the following error for our review:

> **I. The trial court erred and abused its discretion by failing to issue a child support order as required by statute and instead dismissing the matter based on a claimed lack of jurisdiction.**

{¶2} Having reviewed the record and pertinent law, we affirm the juvenile court's decision. The apposite facts follow.

{¶3} On August 19, 1996, Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint alleging that W.W., born October 26, 1993, was neglected. Pursuant to journal entry dated January 23, 1997, the juvenile court committed W.W. to the temporary custody of CCDCFS.

{¶4} On July 10, 1997, CCDCFS filed a motion to modify temporary custody to legal custody. On August 6, 1997, the juvenile court granted CCDCFS's motion to modify temporary custody and thereby vested legal custody in W.W.'s paternal grandparents G.K. and B.K.

{¶5} On October 30, 2007, CSEA filed a motion to establish a child support order for W.W.'s benefit. CSEA served defendant C.C., the biological mother, and

---

[1] Cuyahoga Support Enforcement Agency is now known as Cuyahoga County Job and family Services.

[2] The parties are referred to by their initials in accordance with this court's policy regarding non-disclosure of identities in juvenile cases.

plaintiff B.K., the legal custodian, by certified mail. When the certified mail was returned unclaimed from both C.C. and B.K., CSEA served both parties by ordinary mail.

{¶6} On May 17, 2012, the matter was considered without a hearing, and the following day the magistrate issued a journal entry denying CSEA's motion to establish a child support order on the grounds that W.W. had reached the age of majority. CSEA immediately filed a motion to set aside the journal entry, which the juvenile court denied.

{¶7} CSEA then filed a motion for order on the grounds that the journal entry of May 18, 2012, which was a magistrate's decision, did not result in a final appealable order, because there was no evidence that it was independently reviewed and adopted by the juvenile court. On August 7, 2012, the juvenile court granted CSEA's motion for order by approving and adopting the magistrate's decision filed May 17, 2012.

## Lack of Jurisdiction

{¶8} In the sole assigned error, CSEA argues the juvenile court erred in denying its motion to establish a child support order on W.W.'s behalf for lack of jurisdiction.

{¶9} "Subject matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action." *Cleveland v. Abrams*, 8th Dist. Nos. 92843 and 92844, 2010-Ohio-662, quoting *Udelson v. Udelson*, 8th Dist. No. 92717, 2009-Ohio-6462. We review a trial court's dismissal for lack of subject matter jurisdiction de novo. *Id.* In conducting a de novo review, this

court conducts an independent review of the record and does not defer to the trial court's decision. *State v. Gilbert*, 8th Dist. No. 90856, 2009-Ohio-607, citing *State v. Perry*, 8th Dist. No. 89819, 2008-Ohio-2368.

{¶10} In the instant case, in denying CSEA's motion, the juvenile court stated in pertinent part as follows:

> **\* \* \* The motion for support filed on October 30, 2007 has never been set for hearing or resolution.   The motion came to the attention of the Court on May 17, 2012.   At this time, the child, [W.W.] had turned 18 years of age and the Court no longer has jurisdiction to determine child support in this matter.   The Court therefore dismisses this matter for a lack of jurisdiction \* \* \*.**   Journal Entry, August 7, 2012.

{¶11}   Preliminarily, we note, pursuant to R.C. 2151.23(B)(4), the juvenile court has original jurisdiction to hear and determine an application for an award of support for a child, if the child is not a ward of another court. *Elzey v. Springer*, 12th Dist. No. CA2003-04-005, 2004-Ohio-1373.   R.C. 2151.011 defines "child" as a person who is under 18 years of age. *Id.*   Further, R.C. 3109.01 identifies the age of majority as, "[a]ll persons of the age of eighteen years or more, who are under no legal disability \*\*\*." *CSEA ex rel. Spencer v. Gatten*, 8th Dist. No. 89398, 2007-Ohio-4071.

{¶12}   Thus, once a child attains the age of majority, he or she is no longer a "child" within the meaning of the statute.   Consequently, a court is usually without jurisdiction to order a parent to support a child once that child reaches the age of majority.  *McIntyre v. McIntyre*, 7th Dist. No. 03 CO 63, 2005-Ohio-7083, citing *Maphet v. Heiselman*, 13 Ohio App.3d 278, 279, 469 N.E.2d 92 (1984 12th Dist.).

**{¶13}** Here, W.W. had reached the age of majority by the time CSEA's motion to establish child support was considered. As such, the juvenile court was without jurisdiction to hear and determine child support in the matter. We acknowledge that more than four years had elapsed from the time CSEA filed the motion and when it was considered by the magistrate. In addition, there is no indication why the motion lay dormant on the docket for so long or why CSEA made no efforts to prompt a hearing of the matter during this four-year time span.

**{¶14}** Nonetheless, CSEA insists that the juvenile court's duty to issue a child support order had not abated by this delay or by W.W. reaching the age of majority in the intervening years.

**{¶15}** However, the present matter is unlike the line of cases where a now adult child files an action for the award of retroactive child support in conjunction with a parentage action. *See Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, 821 N.E.2d 180. In the instant case, CSEA, a third party, filed what now amounts to a complaint for retroactive child support, but without a parentage action, and therefore, the holding in *Carnes* and the other cases holding likewise is inapplicable.

**{¶16}** Based on the foregoing, the juvenile court properly dismissed the matter for lack of jurisdiction. Accordingly, we overrule the sole assigned error.

**{¶17}** Judgment affirmed.

It is ordered that appellees recover of appellant their cost herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR