[Cite as *In re K.M.P.*, 2022-Ohio-466.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE K.M.P.

A Minor Child

:
:
:

No. 110569

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART; AFFIRMED IN PART
**RELEASED AND JOURNALIZED:** February 17, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL20109942

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellant.*

Rachel A. Kopec, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") appeals from the trial court's judgment awarding custody of K.M.P. to CCDCFS and the Ohio Department of Youth Services ("ODYS") contemporaneously. For the reasons that follow, we vacate the portion of the judgment granting emergency temporary custody to CCDCFS.

**Factual and Procedural History**

{¶ 2} On November 19, 2020, the state of Ohio filed a complaint alleging that K.M.P. (d.o.b. June 27, 2003) was delinquent. On April 20, 2021, K.M.P. entered a plea to one count of aggravated robbery, one count of felonious assault, and one count of attempted grand theft. Following this plea, K.M.P. was adjudicated delinquent. A magistrate's decision was issued, and in an April 22, 2021 journal entry, the court adopted the magistrate's decision and made the following findings, in relevant part:

> [As] part of the plea agreement, the child agrees to a term of confinement at the Ohio Department of Youth Services [("ODYS")].
>
> The Court proceeded on the previously filed Notice of Intent to grant Emergency Temporary Custody to Cuyahoga County Department of Children and Family Services (CCDCFS) which was held in abeyance on April 15, 2021. The Agency objected.
>
> The Court finds that it would be contrary to the child's best interest to remain in the custody of the mother.
>
> The Court finds that reasonable efforts to prevent the removal of the child from the custody of his parent were not able to be made because the mother has refused any contact with CCDCFS, the probation department, or the child's attorney and guardian ad litem. Further, the Court notes that the child has had no contact with his mother for approximately two years and the mother is reported to have moved out of state.

The court went on to commit K.M.P. to a total indefinite period of confinement of a minimum period of three years and a maximum period not to exceed his attainment of the age of 21. The court found that the seriousness of K.M.P.'s offenses necessitated a term of ODYS confinement.

**{¶ 3}** On April 23, 2021, the agency filed objections to the magistrate's decision. On May 25, 2021, the trial court overruled the agency's objections. On May 27, 2021, the agency filed a timely notice of appeal.

**Legal Analysis**

**{¶ 4}** The agency presents one assignment of error for our review, asserting that the trial court's order placing K.M.P. into the emergency custody of CCDCFS while simultaneously committing him to the legal custody of ODYS is contrary to law. We agree.

**{¶ 5}** Because CCDCFS is challenging the juvenile court's authority to place a juvenile in the temporary custody of CCDCFS while simultaneously committing him to the legal custody of ODYS, the issue before this court involves a claimed error of law. Where the trial court misstates the law or applies the law incorrectly, giving rise to a purely legal question, appellate review is de novo. *N.S. v. C.E.*, 6th Dist. Huron No. H-17-006, 2017-Ohio-8613, ¶ 10, citing *Terry v. Ottawa Cty. Bd. Of Mental Retardation & Dev. Delay*, 165 Ohio App.3d 638, 2006-Ohio-866, 847 N.E.2d 1246, ¶ 13 (6th Dist.). A trial court's error in law is grounds for reversal. *Id.*, citing *Andrew W.P. v. Jessy Z.*, 177 Ohio App.3d 837, 2008-Ohio-4124, 896 N.E.2d 220, ¶ 34 (6th Dist.).

**{¶ 6}** The purpose of the child protection statutes codified in Chapter 2151 of the Revised Code is generally

> to provide for the care, protection, and mental and physical development of children subject to [this chapter], whenever possible, in a family environment, separating the child from the child's parents

only when necessary for the child's welfare or in the interests of public safety.

R.C. 2151.01(A). The purpose of the delinquency statutes codified in Chapter 2152 of the Revised Code is generally

> to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender. These purposes shall be achieved by a system of graduated sanctions and services.

R.C. 2152.01(A).

{¶ 7} Chapter 2151 of the Ohio Revised Code empowers juvenile courts to make custody determinations, including grants of temporary custody and legal custody. R.C. 2151.011(B)(55) defines "temporary custody" as "legal custody of a child who is removed from the child's home, which custody may be terminated at any time at the discretion of the court or, if the legal custody is granted in an agreement for temporary custody, by the person who executed the agreement." R.C. 2151.011(B)(21) defines "legal custody" as

> a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.

{¶ 8} Generally, Juv.R. 13 empowers juvenile courts to "make such temporary orders concerning the custody or care of a child who is the subject of the complaint as the child's interest and welfare may require." In serious cases, such as the instant case, in which a child is adjudicated delinquent for committing an act

that would be a felony if committed by an adult, "the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement." R.C. 2152.16(A)(1).

{¶ 9} In the context of a permanent commitment — "a commitment that vests legal custody of a child in the department of youth services" — legal custody is defined as:

> A legal status in which the department has the following rights and responsibilities: the right to have physical possession of the child; the right and duty to train, protect, and control the child; the responsibility to provide the child with food, clothing, shelter, education, and medical care; and the right to determine where and with whom the child shall live; subject to the minimum periods of, or periods of, institutional care prescribed in sections 2152.13 to 2152.18 of the Revised Code; provided, that these rights and responsibilities are exercised subject to the powers, rights, duties, and responsibilities of the guardian of the person of the child, and subject to any residual parental rights and responsibilities.

R.C. 5139.01(A)(2) and (3).

{¶ 10} Juvenile courts are courts of limited jurisdiction whose powers are created solely by statute. *In re J.D.*, 172 Ohio App.3d 288, 2007-Ohio-3279, 874 N.E.2d 858, ¶ 8 (10th Dist.), citing *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, 821 N.E.2d 180, ¶ 25. Thus, the juvenile court is not authorized to issue a contemporaneous custody order unless it possesses the statutory authority to do so. We acknowledge that the juvenile court has broad discretion to fashion orders specifically tailored to address each juvenile's particular needs. *In re Walker*, 10th Dist. Franklin No. 02AP-421, 2003-Ohio-2137, ¶ 22. In this case, the court placed the juvenile in the custody of both CCDCFS and ODYS. Pursuant to the foregoing

sections of the Ohio Revised Code, the juvenile court is statutorily authorized to commit custody of a juvenile to CCDCFS or ODYS depending on the particular circumstances of a given case. The Ohio Revised Code does not, however, authorize the juvenile court to commit a juvenile to custody of both entities simultaneously.

{¶ 11} With respect to both CCDCFS and ODYS, a grant of legal custody empowers the custodian to determine where the child shall live. R.C. 2151.011(B)(21); R.C. 5139.01(A)(3). While both entities are concerned with the care and shelter of the juveniles in their custody, Ohio law delineates distinct considerations for each entity in determining where a juvenile in their custody should be placed. While the juvenile court has broad discretion to tailor orders to the needs of each juvenile, that discretion is of course limited by the court's statutory authority.

{¶ 12} Absent from the chapters of the Ohio Revised Code governing juvenile courts and the agencies involved in this case is any contemplation of competing custody orders like the one at issue in this case. Ohio law provides no guidance as to how ODYS and CCDCFS might possibly reconcile their competing goals and considerations when determining the appropriate placement for a juvenile within their care. The appellee is correct that the Ohio Revised Code does not explicitly prohibit CCDCFS and ODYS from having custody of a child at the same time. We reiterate, however, that our review is concerned with whether the juvenile court possesses the statutory authority to issue a competing custody order to both CCDCFS and ODYS. Based on the foregoing, we conclude that it does not.

{¶ 13} The magistrate in this case was concerned that ODYS would not accept a juvenile who does not have a guardian available to receive documents or make medical decisions related to the juvenile's care. While we understand the magistrate's concerns about the severe lack of parental supervision, and the way in which the juvenile court attempted to address these concerns, our analysis of the relevant law leads us to conclude that the juvenile court lacked the authority to issue a competing custody order.

{¶ 14} For these reasons, we vacate the portion of the juvenile court's order placing K.M.P. in the emergency temporary custody of CCDCFS. The agency's assignment of error is sustained.

{¶ 15} Judgment vacated in part and affirmed in part.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR