[Cite as *In re J.C.*, 2022-Ohio-4520.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE J.C. | : | |
| | | No. 111843 |
| Minor Child | : | |
| | | |
| [Appeal by CCDCFS] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-21-911039

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Appellant, the Cuyahoga County Division of Children and Family Services (hereinafter "CCDCFS" or "the agency"), appeals the juvenile court's judgment approving and adopting the magistrate's decision that denied the agency's motion to terminate temporary custody of the child who was previously committed

to the legal custody of the Ohio Department of Youth Services ("ODYS").[1] For the reasons that follow, we reverse and remand for further proceedings.

{¶ 2} In December 2021, CCDCFS filed a complaint alleging that the minor child was dependent and requesting that the child be placed in the temporary custody of the agency. The complaint averred that the child was placed in agency custody in a delinquency matter and that the child could not remain in mother's care due to the child's alleged dangerous behaviors. On March 10, 2022, the child was found to be dependent and ordered to be placed in the temporary custody of CCDCFS. On April 26, 2022, CCDCFS filed a motion to terminate temporary custody. The motion was predicated on the fact that the juvenile court had subsequently declared the child delinquent in another juvenile court matter and committed the child to the legal custody of ODYS. According to CCDCFS, and relying on this court's decision in *In re K.M.P.*, 8th Dist. Cuyahoga No. 110569, 2022-Ohio-466, a child may not simultaneously be committed to the temporary custody of a public children's services agency, here CCDCFS, and to the legal custody of ODYS.

{¶ 3} On June 7, 2022, a magistrate conducted a hearing on the agency's motion where both mother and the child's guardian ad litem opposed the agency's motion. In a subsequent written decision, the magistrate denied the agency's motion to terminate temporary custody finding that the agency's request was not an

---

[1] The agency maintains that it is appealing as a matter of right and pursuant to App.R. 4(A). No other party in this matter has filed an appellee brief or challenged the agency's right to appeal.

appropriate disposition under R.C. 2151.415. Additionally, it found this court's decision in *K.M.P.* distinguishable because in that case, the two orders of custody occurred simultaneously at the same hearing. Moreover, the magistrate found that "an order of temporary custody remains in effect until terminated by the juvenile court upon a finding that its purpose has been achieved and the child's best interests have been served, or when the child reaches the age of eighteen or graduates from high school." The decision concluded that "remaining in the temporary custody of CCDCFS was the only disposition that would be in the child's best interest" because it would allow for "a seamless transition from the custody of ODYS back into temporary custody of CCDCFS."

{¶ 4} The agency timely filed written objections to the magistrate's decision contending that the decision was contrary to law and against the manifest weight of the evidence.

{¶ 5} On July 12, 2022, the juvenile court approved and adopted the magistrate's decision. Subsequently on August 3, 2022, the juvenile court officially overruled CCDCFS's objections to the magistrate's decision.

{¶ 6} The agency now appeals, raising as its sole assignment of error that the juvenile court order continuing the custodial order of temporary custody to CCDCFS is contrary to law. The issue is whether both CCDCFS and ODYS can have legal custody of a minor child. This issue involves a claimed error of law, which this court reviews de novo. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304,

187 N.E.3d 463, ¶ 38, citing *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 30.

**{¶ 7}** This court previously addressed this precise issue in *In re K.M.P.*, 8th Dist. Cuyahoga No. 110569, 2022-Ohio-466. In *K.M.P.*, the juvenile court adjudicated the child delinquent and committed the child to the legal custody of ODYS. In the same judgment entry, the juvenile court also awarded CCDCFS emergency temporary custody of the child. The agency appealed, contending that the juvenile court lacked statutory authority to place the child into the emergency custody of CCDCFS while simultaneously committing the child to the legal custody of ODYS. This court agreed, finding that juvenile courts are courts of limited jurisdiction whose powers are solely created by statute. *Id*. at ¶ 10.

**{¶ 8}** The *K.M.P.* Court then analyzed the relevant statutory provisions for legal custody to ODYS as found in R.C. 5139.01(A)(2) and (3), and temporary and legal custody to a public children services agency under Chapter 2151. Based on its review, this court determined that "the juvenile court is statutorily authorized to commit custody of a juvenile to CCDCFS or ODYS depending on the particular circumstances of a given case. The Ohio Revised Code does not, however, authorize a juvenile court to commit a juvenile to custody of both entities simultaneously." *Id*. at ¶ 10.

**{¶ 9}** In so holding, this court intimated that any change in statutory authority would originate with the General Assembly, not this court.

Absent from the chapters of the Ohio Revised Code governing juvenile courts and the agencies involved in this case is any contemplation of competing custody orders like the one at issue in this case. Ohio law provides no guidance as to how ODYS and CCDCFS might possibly reconcile their competing goals and considerations when determining the appropriate placement for a juvenile within their care.

*Id.* at ¶ 12.

{¶ 10} Subsequent to this court's decision in *K.M.P.*, this court considered another appeal by CCDCFS raising the same issue. *In re J.B.*, 8th Dist. Cuyahoga No. 110516, 2022-Ohio-946. In *J.B.*, the issue was whether the juvenile court erred by continuing CCDCFS's planned permanent living arrangement ("PPLA") of the minor child when the juvenile court also committed the minor child to the legal custody of ODYS. Unlike in *K.M.P.*, the competing custody orders in *J.B.* were not issued on the same date or within the same judgment entry, but still awarded both state entities legal custody of the minor child.

{¶ 11} The majority opinion declined to address the merits of the case but found *K.M.P.* distinguishable because the competing custody order in *K.M.P.* involved emergency temporary custody, not a PPLA. *Id.* at ¶ 9-10.

{¶ 12} The dissent in *J.B.* disagreed with the majority's distinction, finding it to be of little difference because whether it was an emergency temporary custody order or PPLA, the juvenile court granted CCDCFS legal custody of the minor child under both orders. *Id.* at ¶ 16 (Sheehan, J., dissenting). Accordingly, the dissent concluded that the panel was obligated to follow this court's precedent in *K.M.P.* that held that "the juvenile court does not have statutory authority to commit a child

to the legal custody of both CCDCFS and ODYS simultaneously." *Id.* at ¶ 13, citing *K.M.P.* at ¶ 10.

{¶ 13} In this case, the juvenile court declined to follow this court's decision in *K.M.P.* Much like the majority opinion in *J.B.*, the juvenile court found *K.M.P.* distinguishable because the two competing custody designations in *K.M.P.* were issued on the same day in the same judgment entry following a hearing on both designations.[2] We find this distinction to be without a difference. The issue is whether the juvenile court has authority to commit a minor child to the legal custody of both CCDCFS and ODYS concurrently. The timing of when those competing custody orders are issued is irrelevant. Accordingly, this court continues to follow its precedent and rationale as set forth in *K.M.P.* that the juvenile court lacks authority to issue these competing legal custody orders involving the minor child.

{¶ 14} This court appreciates the juvenile court's concerns about the welfare of a child following the child's release from ODYS. However, this court cannot reconcile the relevant legal custody statutory provisions to allow the juvenile court to grant legal custody of a minor child concurrently to both CCDCFS and ODYS. Accordingly, the assignment of error is sustained and the juvenile court's judgment denying CCDCFS's motion is reversed. The case is remanded for the juvenile court to grant CCDCFS's April 26, 2022 motion to terminate temporary custody.

{¶ 15} Judgment reversed, and case remanded.

---

[2] The juvenile court did not address this court's decision in *J.B.*, which did not involve competing custody orders issued on the same date from the same hearing.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY J. BOYLE, J., CONCUR