[Cite as *In re S.H.*, 2025-Ohio-655.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE S.H. | : | |
| | : | No. 114503 |
| A Minor Child | : | |
| | : | |
| [Appeal by Mother] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 27, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-21908592

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellant.*

Patrick S. Lavelle, *for appellee.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") appeals the juvenile court's decision denying its motion to terminate temporary custody of S.H., d.o.b. September 3, 2007, after she was committed to the custody of the Department of Youth Services ("DYS"). For

the reasons that follow, we reverse the decision of the juvenile court and remand for further proceedings.

## Procedural and Factual History

{¶ 2} The agency became involved with the family in 2021 based on allegations of neglect. On November 21, 2023, S.H. was committed to the temporary custody of the agency. "'Temporary custody' means legal custody of a child who is removed from the child's home . . ." R.C. 2151.011(B)(57). Subsequently, S.H. was charged in two delinquency matters. After a trial on October 3, 2024, S.H. was found delinquent of aggravated menacing, a felony of the fifth degree, and two counts of theft, misdemeanors of the first degree, in one case; and assault, a felony of the fifth degree and disorderly conduct, a minor misdemeanor, in the second case. In each case, the juvenile court committed S.H. to the legal custody of DYS for a minimum period of six months and a maximum period until her 21st birthday, with the commitments to run concurrently.

{¶ 3} On October 4, 2024, the agency filed a motion to terminate temporary custody due to S.H.'s commitment to DYS citing this court's decisions in *In re K.M.P.*, 2022-Ohio-466 (8th Dist.), and *In re J.C.*, 2022-Ohio-4520 (8th Dist.). The juvenile court denied the motion. CCDCFS appeals and assigns the following error for our review:

### Assignment of Error

The trial court order continuing in effect the custodial order of temporary custody for the subject child is contrary to law.

{¶ 4} Preliminarily, we note that S.H.'s mother, S.L.-G., has filed a notice of conceded error pursuant to Loc.App.R. 16(B) acknowledging her belief that CCDCFS is correct that the trial court erred in denying the motion to terminate temporary custody. A notice of conceded error does not remove this court's responsibility to review the record to determine whether reversible error has in fact occurred. *See State v. Armstrong*, 2017-Ohio-8070, ¶ 1 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.). We review a juvenile court's decision regarding temporary custody for an abuse of discretion. *In re B.J.*, 2017-Ohio-315, ¶ 15 (8th Dist.). A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). However, in our previous decisions, this court recognized that the question of whether CCDCFS and DYS can both have legal custody of a child is an issue of law that this court reviews de novo. *In re J.C.* at ¶ 6. "[W]here a specific action, ruling or order of the court is required as a matter of law, involving no discretion, the test of 'abuse of discretion' should have no application." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 37, quoting *Rohde v. Farmer*, 23 Ohio St.2d 82, 89 (1970).

{¶ 5} Next, we note that there are very few cases in this district that address this issue. *In re K.M.P.* and *In re J.C.* address this issue directly and are utilized in our analysis. Notably, this court addressed a similar issue in *In re J.B.*, 2022-Ohio-946 (8th Dist.). However, *J.B.* is distinguishable from the cases cited and the case before us. Although that case raised a similar issue, this court did not reach the merits of the question of whether DYS and CCDCFS could simultaneously hold

custody. Instead, we found that the agency's decision to file a notice of termination rather than filing a motion to request termination of custody was improper. *Id.* at ¶ 10. Additionally, *J.B.* involved a child who was committed to a planned permanent living arrangement, a status that was not addressed in the other cases. Accordingly, we turn to the merits of this case.

{¶ 6} As a court of limited jurisdiction, the juvenile court takes its powers solely from statutes. *K.M.P.*, 2022-Ohio-466 (8th Dist.), citing *Carnes v. Kemp,* 2004-Ohio-7107, ¶ 25. The statutes that define the term "legal custody" to DYS and to a children services agency are almost identical. R.C. 2151.011(B)(21); R.C. 5139.01(A)(3); *See K.M.P.* at ¶ 7, 9.

{¶ 7} For instance, both statutes empower the respective agencies to determine where the juvenile lives, and provide the child with, among other things, shelter, education, and medical care. As this court has noted, while the Ohio Revised Code empowers the juvenile court to place a child in the legal custody of DYS or CCDCFS, the Code does not authorize the court to place the juvenile in the custody of both simultaneously. *K.M.P.* at ¶ 10. While *K.M.P.* dealt with a court order that simultaneously gave legal custody to DYS and CCDCFS, the facts of this case are almost exactly the same as the facts of *In re J.C.,* 2022-Ohio-4520 (8th Dist.), in that they both involve the denial of the agency's motion to terminate temporary custody after the child was committed to the legal custody of DYS. Here, as in that case, we again find that it was error for the juvenile court to deny CCDCFS's motion to

terminate temporary custody after the child was committed to the legal custody of DYS, in line with this court's past precedent.

**{¶ 8}** Accordingly, the agency's assignment of error is sustained.

**{¶ 9}** Judgment reversed and case remanded.

It is ordered that the parties split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR